W. F. PHIFER and wife, and J. H. WILSON *v.* THE CAROLINA CENTRAL RAILROAD COMPANY.

An appeal by a Railroad Company, (the defendant,) from the assessment of damages by Commissioners appointed in pursuance of its charter, brings up the whole case into the Superior Court, where the parties can have every right relating to such damages, adjudged and determined.

*Therefore* a separate action involving the same rights will be dismissed with costs.

MOTION to dissolve an Injunction, heard by *Logan, J.,* at Chambers, in the county of MECKLENBURG, on the 9th day of July, 1874.

The plaintiffs alleged in their complaint, supported by affidavits, that the defendant by running their road over their land was greatly endamaging them ; that commissioners had been appointed to assess such damages, who did assess the same at $4349.50, from which assessment defendant appealed to the Superior Court, only to gain time ; and that the defendant's property was mortgaged for its full value, and they were likely to lose the amount so assessed. There are other facts stated in the complaint, not pertinent to the points raised in this Court. Plaintiffs prayed an injunction, &c., which was, granted by Judge MITCHELL at Chambers, June 29th, 1874.

Defendant gave notice that a motion to dissolve the injunction would be heard by Judge LOGAN on a certain day, and filed an answer substantially denying the material allegations in the complaint.

Upon the hearing, his Honor dissolved the injunction, and the plaintiffs appealed.

*Wilson & Son,* for appellants.
*Battle & Son,* contra.

SETTLE, J.   This action must be dismissed.

The appeal taken by the defendant from the assessment of

damages by the commissioners appointed in pursuance of the charter under which the defendant is acting, brought the whole case into the Superior Court, where the plaintiffs can have every right which they seek in this action adjudged and determined.

Public policy forbids the suspension of operations on works of internal improvement during the pendency of litigation to ascertain the damages to which parties may be entitled. But if the allegations of the plaintiffs that the defendant has mortgaged its road for more than it is worth, be true, the defendant should be required to give security that it will pay to the plaintiffs such damages as may be finally assessed against the Company.

This demand is so reasonable, especially since the Company is authorized to mortgage its road to the extent of $25,000 per mile, that the refusal to comply with it at once gives ground for the suggestion of the plaintiffs that the defendant is seeking to avoid the payment of damages both now and hereafter.

Let this action be dismissed at the cost of the plaintiffs.

PER CURIAM.                          Action dismissed.