## Henry Morgan v. The Chicago & Northeastern Railroad Company.

*Condemning lands for railroad purposes: Probate court: Jurisdiction: Notice.*
The jurisdiction of the probate court in proceedings to condemn lands for railroad purposes, is dependent upon proof of a valid notice to the land owners, and notice mailed to a party whose residence was in fact, and was so alleged in the petition, at Aurora, New York, directed to him at Batavia, Cayuga county, New York, is void.

*Submitted on briefs April 18.        Decided April 24.*

Certiorari to Probate Court of Ingham County.

*S. S. Olds,* for plaintiff in *certiorari.*

*S. L. Kilbourne,* for defendant in *certiorari.*

CAMPBELL, J:

This is a *certiorari* to review proceedings condemning lands for a railway. The proceedings were had in the probate court for Ingham county, under a petition presented on the 8th day of November, 1876. The commissioners met and acted on the 11th of November, no one being present representing the plaintiff, and awarded him one dollar for a strip of land one hundred feet wide, extending across a quarter section of land. The affidavit for *certiorari* shows facts which, if true, indicate that the proceedings were intentionally concealed from the resident agent of the land owner.

The statute requires that if the company has not been able to acquire title the reason of the inability must be set out in the petition to the probate court, which must also show the residence of the parties interested, if known or ascertainable with reasonable diligence. It provides that notice of the proposed presentation of the petition may be served personally on an agent residing in this state, or on

the non-resident owner of land personally, wherever he may be, or by publication in a newspaper for six weeks, and by sending to the land owner by mail, if known and non-resident, if his residence is known, a copy of the petition and notice of hearing, thirty days before the time of presentation.—*L. 1873, pp. 511, 512.*

The petition shows that the inability to get title arose from non-agreement upon terms. It is silent upon the point of the existence of a resident agent, but it mentions plaintiff's residence as at Aurora, New York, where it was in fact.

Notice was mailed to plaintiff, directed to him at Batavia, Cayuga county, New York.

Without considering the other serious questions presented, this notice was not sent to the proper direction, and was therefore void. As the jurisdiction of the probate court could not attach without proof of a valid notice, the whole proceedings were void, and must be quashed, with costs.

The other Justices concurred.