THE CITY OF SEDALIA, Respondent, *v.* THE MISSOURI, KANSAS & TEXAS RY. CO., Appellant.

### March 23, 1885.

1. JUDGMENT—CONDEMNATION PRODEEDINGS BEFORE MAYOR AND COMMON COUNCIL—VERDICT AND APPROVAL UNDER CHARTER AUTHORITY—EFFECT OF, AS TO COLLATERAL IMPEACHMENT.—A judgment of condemnation rendered by a competent court, charged with a statutory jurisdiction, and when all the facts necessary to the exercise of the jurisdiction are shown to exist, is no more subject to impeachment in a collateral proceeding than the judgment of any other court of exclusive jurisdiction. And as to these summary proceedings, courts of general jurisdiction stand upon the same footing as those tribunals whose jurisdiction is special and limited.—*Ellis* v. *R. R. Co.,* 51 Mo. 203.

2. SAME—APPEAL FROM AWARD—EFFECT OF AS TO SUBSEQUENT PROCEEDINGS.—Upon appeal from such summary proceedings the trial is *de novo,* and the whole case is opened as to the parties to the appeal, upon every matter involved in the controversy, for the judgment and determination of the appellate court.

APPEAL from Pettis Circuit Court, HON. JOHN P. STROTHER, Judge.

*Affirmed.*

Statement of case by the court.

This is a proceeding of condemnation, instituted in 1876, by plaintiff against defendant for the purpose of opening and extending "South Main Street" in said plaintiff city.

It is admitted that all the provisions of the charter and ordinances of the plaintiff, under and by virtue of which the proceedings were had, were complied with, with the single exception to be hereinafter stated. Nor is the existence of any one of the jurisdictional facts necessary to confer authority upon the officers by whom the proceedings were had, disputed.

The exception, above referred to, is in the verdict of the Mayor's jury, which is as follows: "We, the jury, find the property of the Missouri, Kansas and Texas Railway Company damaged over and above the benefits by reason of the opening of South Main Street across its premises, in the sum of three hundred dollars, *it being understood that the Missouri, Kansas and Texas Railway Company shall not be required to grade or macadamize said street.*

(Signed)        A. Y. HULL, Foreman."

This verdict was delivered to the Mayor, and by him was returned to the Board of Aldermen of plaintiff, and by them was approved, as provided by said charter and ordinances. This award of the jury, when thus approved, was a final judgment.—Hayne on New Trial and Appeal, vol. 2, 555; *R. R. Co.* v. *Harlan,* 24 Cal. 337; *R. R. Co.* v. *Mahoney,* 29 Cal. 115; *Phillips* v. *Pease,* 39 Cal. 584.

From this judgment in the proper and legal manner the defendant appealed to the circuit court of Pettis county.

The cause was tried by a jury in the circuit court on the 3d day of January, 1882.

Between the time of the appeal from the award approved and the time of the trial in the circuit court, the transcript and record sent up from the City Register's office were lost. In lieu of the lost transcript and record the parties to the cause filed stipulations, and upon these stipulations the cause was tried in the circuit court.

By these stipulations it is made to appear that the verdict of the jury was delivered to the Mayor, "and was by him returned to the Board of Aldermen at their

next regular meeting, *who approved the same*, and ordered said street opened."

Section 15 of an act of the General Assembly entitled "An Act to revise the Charter of the City of Sedalia, in Pettis county," approved March 18th, 1873, is as follows:

"Section 15.    The Mayor and Board of Aldermen shall have power, when they deem it necessary, upon the petition of the holders of two-thirds of the front of lots in any street, avenue, or alley, or specified part thereof, by ordinance to grade, pave, macadamize, or otherwise improve such street, avenue, or alley, or specified part thereof; and for the payment of the cost of such improvement, the City Register shall levy a special tax on the property fronting on such street, avenue, or alley, according to the respective fronts of lots abutting thereon, according to the amount of the work done in front of or adjacent to such lots, which special tax shall, from the date of its levy, be a lien on, and shall attach to said lots in preference to any prior lien, encumbrance, or mortgage (excepting always the rights of this state), and shall be recoverable and enforced in the manner hereinafter provided."

Among other testimony in the case introduced by defendant was a statement made by Mr. Montgomery, at one time during the pendency of the condemnation proceedings an attorney for the defendant, which statement was by the agreement of the parties to the cause received as Mr. Montgomery's testimony.

The statement was as follows:

"Mr. Longan agrees to let me make a statement as to the action of the city council upon this award, and waives the necessity of me being sworn; and that is simply, gentlemen, that at two times, I think, since this award was made by the first jury I have presented the matter to the city council and offered to accept that award, if they would confirm it in a manner that would be legal and binding on the city, and they declined to do it. The award, you know, released the railroad company from liability to grade and macadamize that

street." * * * * * * "I say they" (the railroad company) "offered, if the city would make the award valid and binding on them they would accept it. The city was not willing to make the award binding."

It is not necessary to refer to the instructions given by the court, for the reason that no objection to them is made in this court.

The jury returned a verdict for $350 in favor of defendant. Whereupon the court rendered a general judgment against plaintiff for said sum and costs. By appeal from said judgment, the case has been brought to this court.

For the reversal of the judgment of the circuit court, the defendant urges three reasons:

1st. Because the award of the Mayor's jury was a nullity and under it the plaintiff had no authority to proceed further.

2d. Because the award, as made, never was approved by the Board of Aldermen, but on the contrary said Board refused to approve it as made; hence it stood rejected and the ordinance repealed.

3d. Because the damages are grossly inadequate.

WILLIAM S. SHIRK and THOS. J. PORTIS, for the appellant.

I. The motion for new trial should have been granted for two reasons: 1. The damages awarded are grossly inadequate. 2. The jury, in estimating the damages, disregarded the evidence and the instructions of the court. And the motion for new trial, as well as the motion in arrest, should have been sustained, because (1) the award of the Mayor's jury was a nullity, and under it the city had no authority to proceed further. (2) The award, *as made*, never was approved by the Board of Aldermen; on the contrary, said Board refused to approve it *as made;* hence it stood rejected and the ordinance repealed. The city was bound to approve or reject the verdict of the Mayor's jury as an entirety.

II. Not only must the authority to take private property be expressly conferred, but the power must be

strictly pursued, and the prescribed mode of its exercise strictly and literally followed.—Dillon, Man. Corp., 3rd. ed. vol. 2, sect. 604 and note 3; Ib. sect. 605; *Jamison* v. *Springfield*, 53 Mo. 224.

CHARLES E. YEATER for the respondent.

I. There is nothing in the verdict inconsistent with the instructions. The jury probably took into consideration the remoteness and contingency of the grading and macadamizing.—*Grove* v. *City of Kansas*, 75 Mo. 672; *Price* v. *Evans*, 49 Mo. 396.

II. The award was not inadequate or erroneous. It was not a nullity because it contained an assessment of damages, and an award to defendant. If it was incorrect, the charter (Act 18 March 1873, sect. 22) provided for a petition for rehearing after approval by the council, and if petition refused for appeal to the circuit court. Appellant cannot object to the verdict of the Mayor's jury, nor its form, after a trial *de novo* in the circuit court and a new verdict.

III. There is no question but that the record shows that the verdict of the Mayor's jury was approved. The provision of the charter is that a "rejection" shall be an abandonment. Even a failure to approve does not cause an abandonment, and such result is conditioned only on a positive act of rejection. But the record shows an approval.

Opinion by HALL, J.

## I.

The award of the Mayor's jury was not a nullity. It was clearly irregular and erroneous in containing any other than a monied compensation for the damages sustained by defendant, and in attempting to relieve the defendant from the burden of grading and macadamizing the street to be opened imposed by the section of the plaintiff's charter set out above. But although said award was thus irregular and erroneous, it was not absolutely null and void. The special tribunal provided by the plaintiff's charter had jurisdiction of the subject matter involved in, and of the parties to, the proceedings

of condemnation. The jury should have made a regular and proper award. But an irregular and erroneous award made by the jury was not utterly invalid.

"A judgment of condemnation, rendered by a competent court, charged with a statutory jurisdiction, and when all the facts necessary to the exercise of the jurisdiction are shown to exist, is no more subject to impeachment in a collateral proceeding, than the judgment of any other court of exclusive jurisdiction."—*Secombe* v. *R. R. Co.*, 23 Wall. 108.

"And as to these summary proceedings, courts of general jurisdiction stand upon the same footing as those tribunals whose jurisdiction is special and limited."—*Ellis* v. *R. R. Co.*, 51 Mo. 203.

The award of the jury was not a jurisdictional fact, but when approved by the Board of Aldermen it was a final judgment as said above.

Besides the defendant appealed from the said award, when approved, to the circuit court, and there, as was proper and right, the whole matter was tried *de novo*, and the error in the award corrected. This case is not here on appeal from the erroneous award made by the Mayor's jury, but is here on appeal from the judgment of the circuit court which corrected that erroneous award.

"The appeal to the circuit court opened the whole case as between the parties to the appeal."— *Wooster* v. *R. R. Co.*, 57 Wis. 313.

"The appeal taken by the defendant from the assessment of damages of the commissioners appointed in pursuance of the charter, under which the defendant is acting, brought the whole case into the Supreme Court, where the plaintiffs can have every right which they seek in this action, adjudged and determined."—*Phifer et al.* v. *R. R. Co.*, 72 N. C. 433.

## II.

The award as made was approved by the Board of Aldermen. The language of the record approving the award, as stipulated by both parties to this cause is "who" (meaning the said Board of Aldermen) "approved the

same and ordered the street opened." The approval was, as it should and as it could only legally have been, a general approval of the entire award. If by any approval whatever the Board. of Aldermen could have legally bound the plaintiff as to all the terms of that award, they did so bind the plaintiff by the approval made by them. But if they could not so bind the plaintiff—and we hold that they could not, as to the erroneous terms of the award complained of by defendant—then the failure or the refusal of "the city" "to make the award valid and binding on them," is of no consequence or importance.

## III.

Whatever may be our opinion, after an examination of the testimony in this case, as to the adequacy of the compensation given by the jury in the circuit court to defendant, it is sufficient to say that the said testimony does not show that the finding of the jury is "so flagrantly unjust as to justify the conclusion that improper considerations influenced their verdict."— *Kansas City* v. *Kansas City, Topeka & Western Railway Company et al.,* just decided by the supreme court of Missouri; opinion by Judge Henry.

For the reasons given herein, the judgment of the circuit court is affirmed. All concur.