| 86 | 681 |
| 63a | 615 |
| 86 | 681 |
| 92a | 1398 |

KELLY, *Appellant*, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY.

1. **Justice of Peace :** APPEAL FROM : DISMISSAL OF SUIT. Where, on an appeal from a justice of the peace, the transcript shows that the justice acquired jurisdiction of the defendant, it having filed its motion to set aside the judgment by default, a motion in the circuit

court to dismiss the suit because of service of summons in the wrong township, should not be sustained.

2. ——— : ———. The circuit court should have proceeded under Revised Statutes, section 3052, to try the case *de novo*.

*Appeal from Clinton Circuit Court.*—HON. G. W. DUNN, Judge.

REVERSED.

*B. J. Casteel* for appellant.

The court erred in sustaining the motion to dismiss the case. Admitting that the justice had no jurisdiction over the person of defendant, he had jurisdiction of the subject matter, and when defendant appealed the case to the circuit court it waived the proper service of summons, and the circuit court got jurisdiction for all purposes, and should have proceeded to try and determine the case on its merits, *de novo*.

*Shanklin, Low & McDougal* for respondent.

HENRY, C. J.—This suit originated in a justice's court in Clinton county, and is for the recovery of double damages for the killing of a mare, the property of plaintiff. The mare was killed in Platte township, where the suit was commenced, and the summons was issued to a constable of that township, who (as is stated in the transcript of the justice), returned the same executed according to law. Not that that was the return made by the constable, but the judgment of the justice that the return of service was what the law required; judgment by default was rendered against the defendant in the justice's court, after which defendant appeared before the justice and filed a motion to set it aside, which was overruled, and defendant prosecuted

an appeal to the circuit court. In that court defendant filed a motion to dismiss the suit, on the ground that the justice had no jurisdiction of defendant's person, because the summons was served in Shoal township, and not in Platte township, although defendant, when said writ was issued and served, had a station and station agent in charge thereof in said Platte township.

The defendant's appearance in the circuit court was for the purpose of this motion only. The appearance of defendant in the justice's court was not a special appearance. The transcript of the justice on that point is as follows : " This twenty-sixth day of March, 1881, comes the defendant by its agent, W. E. Clark, and files motion to set aside judgment by default." It nowhere appears, except in an agreed statement of facts submitted with the motion in the circuit court, that the summons was served in Shoal, and not in Platte township. Upon the face of the transcript the justice had jurisdiction of defendant's person, and if the constable's return was false, the defendant had its action for a false return, but the justice's jurisdiction was complete. The agreed statement of facts should have been disregarded by the court, which should have overruled the motion and proceeded to try the cause *de novo*, instead of dismissing it. The case falls within section 3052, of the Revised Statutes, which is as follows :

"Upon the return of the justice being filed in the clerk's office, the court shall be possessed of the cause and shall proceed to hear, try and determine the same anew, without regarding any error, defect, or other imperfection in the *original summons or the service thereof, or on the trial, judgment, or other proceedings of the justice or constable in relation to the cause.*"

The judgment of the circuit court, dismissing the cause, is reversed, and it is remanded to be proceeded with in accordance with this opinion. All concur.