## WM. H. LEONARD, Plaintiff in Error, v. HENRY C. SPARKS, Defendant in Error.

### Kansas City Court of Appeals, May 19, 1890.*

1. **Municipal Corporations**: KANSAS CITY: JURISDICTION OF MAYOR'S COURT: ASSESSMENT OF BENEFITS: OPENING STREET. Where the proceeding to take private property for public use originates in an inferior tribunal of limited statutory power only, strict construction is applied and every statutory requirement must appear; and where under the Kansas City charter of 1875 the mayor's court undertakes to assess benefits accruing from the opening of a street, the service of a proper notice on the landowner five days instead of six, renders the proceedings of the court void and subject to collateral attack. SMITH, P. J., *dissents* in a separate opinion.

2. ———: ———: ———: ———. In a proceeding for assessing benefits accruing from the opening of a street, the notice prescribed by the statute is a prerequisite to the jurisdiction of the subject-matter; and if not given as required, the whole proceeding is void, SMITH, P. J., *dissenting* in a separate opinion.

3. ———: ———: ———: ———. The fact that the mayor's court adjudged all parties had been duly notified and all persons interested duly served, is not conclusive as an adjudication of the service and is merely a recital. But there should be a finding of the facts which gives the court jurisdiction. Even in a court of general jurisdiction, such recital would be considered in connection with the whole record; and if the actual service was defective, there would be no presumption of other service.

4. ———: ———: ———: ———: APPEAL. On appeal the recital in the record of the circuit court that "Now come the parties to these proceedings, etc.," is not conclusive with the personal appearance of one not served in time for the mayor's court, SMITH, P. J., *dissenting* in a separate opinion.

*This case only reached the reporter, December 2, 1895.

5. ——: ——: ——: ——: CONTINUANCE. Though on the day to which the party is summoned the mayor continues the hearing for a period of more than six days, such continuance will not have the effect to cure the defect of the service.

6. ——: ——: ——: ——: JURY: APPEAL. SMITH, P. J., *dissenting* in a separate opinion: The fact that in a mayor's court a proper jury was not summoned can not render the proceeding void, since on appeal the jury was had in the circuit court.

ON MOTION FOR REHEARING.

7. ——: ——: ——: ——. SMITH, P. J., *dissenting* in a separate opinion: Conceding that the jurisdiction involved by defective service went only to the person, and not to the subject-matter, the lack of notice for the statutory length of time renders the judgment void.

8. ——: ——: ——: ——: RECITAL ON APPEAL. SMITH, P. J., *dissenting* in a separate opinion: In all cases where the expression as to service in the judgment is general, it will be confined to the parties served with process.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED and TRANSFERRED to the supreme court and, on being remanded, REVERSED WITH DIRECTIONS.

*Samuel Boyd* and *Frank P. Sebree* for plaintiff in error.

(1) The notice to Edward H. Bouton in the mayor's court was sufficient. It was served more than six days before the jury was impaneled. This was all that was required by the charter of the city. Laws, 1875, p. 244, sec. 2; see, also, *Bowman v. Railroad*, 102 Ill. 472. (2) The record shows that Bouton was a party to the proceedings, and the recital of the mayor's record is that "the court adjudges that all parties have been duly notified and all persons interested duly served." The cause was appealed to the circuit court

by one of these parties and this appeal carried up the whole case to be tried *de novo.*  Laws, 1875, pp. 247, 248, sec. 6; *State ex rel. v. Gill,* 84 Mo. 248.  The record of the circuit court recited on two occasions that the parties to the proceedings were present.  The recitals of the record are entitled to absolute verity.  They can not be contradicted in a collateral proceeding, but must be taken as true.  Freeman on Judgments, sec. 130; *Crow v. Meyersieck,* 88 Mo. 411, 415, 416; *Runfelt v. O'Brien,* 57 Mo. 570; *Dunham v. Wilfong,* 69 Mo. 355; *Freeman v. Thompson,* 53 Mo. 183, 190, 193; *Lindell v. Bank,* 4 Mo. 228; *Gates v. Tusten,* 89 Mo. 13; *Schad v. Sharp,* 95 Mo. 573; *Huxley v. Harrold,* 62 Mo. 516; Freeman on Judgments, sec. 124.

*D. D. Duggins* for defendant in error.

(1)  Edward H. Bouton was entitled to six days' notice.  He only had five.  The record shows this; the petition states it, and the same is taken as true.  This notice is entirely insufficient.  Laws, 1875, sec. 2, p. 245, line 19.  (2)  In proceedings to open streets, a person whose property is assessed with benefits to be served with notice in the same manner that a person whose property is condemned is required to be served. *State v. St. Louis,* 67 Mo. 113; *Ells v. Railroad,* 51 Mo. 200, 203.  (3)  A person not served with process or notice of a proceeding to condemn his land, is not bound thereby. *State v. St. Louis,* 1 Mo. App. 503; *Moses v. St. Louis Dock Co.,* 84 Mo. 245.  (4)  The want of notice and the failure to impanel the proper jury are both jurisdictional questions and can be raised at any time by any person to the proceedings. *Railroad v. Campbell,* 62 Mo. 585; *Hansberger v. Railroad,* 43 Mo. 196, 200; *France v. Evans,* 90 Mo. 74, 77.  (5)  In proceedings of this nature, in derogation of common law and

right, the utmost strictness is required in order to give them validity, and, unless it appear upon the face of the proceedings that every essential prerequisite of the statute conferring the authority has been fully complied with, every step will be *coram non judice*. *Ells v. Railroad*, 51 Mo. 200; *Cunningham v. Railroad*, 61 Mo. 33; *Anderson v. Pemberton*, 89 Mo. 61; *Blize v. Castlio*, 8 Mo. App. 290. Notice of proceedings to take property for public use, when required to be given, is the foundation of the right to proceed; and if such notice be not given, or if not given in the way prescribed, the proceedings are void. *Baltimore v. Bouldin*, 23 Md. 328; *Darlington v. Commonwealth*, 41 Pa. St. 68; *Horbeck v. Toledo*, 11 Ohio, 219; *Nichols v. Bridgeport*, 23 Conn. 189; *Goudy v. Hall*, 30 Ill. 109; *Wort v. Finley*, 8 Blackf. (Ind.) 335. *Downs v. Fuller*, 2 Metc. (Mass.) 135; *Outhwite v. Porter*, 13 Mich. 533. (6) The judgment rendered without notice is void. *Anderson v. Brown*, 9 Mo. 640; *Roach v. Burnes*, 33 Mo. 319; *Railroad v. Reynold*, 89 Mo. 146. And advantage may be taken of such judgment in a collateral proceeding. *Abbott v. Shepperd*, 44 Mo. 273; *Higgins v. Piltzer*, 49 Mo. 152; *Fithian v. Monks*, 43 Mo. 502; *Ferguson v. Crowford*, 70 N. Y. 253; *France v. Evans*, 90 Mo. 74, 77; *Daughtery v. Brown*, 91 Mo. 26, 30. "No question is better settled than that a judgment by default rendered upon a service within the time the law provides is invalid." *France v. Evans, supra; Miller v. Snider*, 6 Ind. 1; *Mobley v. Mobley*, 9 Ga. 247; *Bank v. Gibson*, 11 Ga. 453; *Swiggart v. Harber*, 5 Ill. 4 (Scam.) 364; *Seely v. Reid*, 3 Iowa, 374; *Dick v. Hatch*, 10 Iowa, 380; *Camden v. Mulford*, 26 N. J. L. 49; *Withers v. Patterson*, 27 Tex. 491; *McMinn v. Whelan*, 27 Cal. 300; *Cait v. Haren*, 30 Com. 190. And even though the jurisdiction of the court over the person appear affirmatively from the record. *Eagor v. Storer*,

59 Mo. 87; *Napton v. Leaton*, 71 Mo. 367; *Mayer v. Hartman*, 14 Mo. App. 132. (7) The recital of the mayor's record to effect that "the court adjudges that all parties have been duly notified, and all persons interested duly served" is flatly contradicted by the balance of the record, the marshal's return on the notice to Bouton, as shown by the allegations in plaintiff's petition. Such recitals are not absolute, but can be thus contradicted. The record shows no appearance of any kind by Bouton. The marshal's return must prevail against those of the judgment. *Coon v. Claw*, 83 Ind. 417; *State ex rel. v. St. Louis*, 1 Mo. App. 503, 506; *Higgins v. Beckwith*, 102 Mo. 456, 462. (8) The fact that the clerk, in entering up an order, uses the term "defendants" does not affect, nor purport to affect, defendants not served. *Dawson v. Bridges*, 19 Ill. App. 280; Freeman on Judgment, sec. 155.

STATEMENT BY ELLISON J.—In this case the plaintiff sues the defendant on his covenants to recover $484.56 with interest from October 3, 1888, which the plaintiff alleges he was bound to pay and did pay as special tax on lots 6, 7, and 8, of Block 3, of Downing's resurvey of Longview Place, an addition to the City of Kansas, Jackson county, Missouri. The trial court found for defendant, and he brings the case here by writ of error.

The defendant sold plaintiff these lots and conveyed the same to him by deed dated the fifth day of October, 1887, and duly acknowledged on the eighth day of November, 1887. The deed was a general warranty deed, with the usual covenants of warranty. Following the covenants of warranty is this language: "Except the mortgage above referred to and except taxes assessed since January 1, 1887, exemptions not

to include special tax assessed before the date of this deed."

On the eighteenth day of January, 1887, an ordinance passed by the common council of the City of Kansas to open Elma street in said city from Wabash avenue to E. L. Henkle's addition, was duly approved and went into effect. Said ordinance provided for the taking of private property in order to open said street and for the paying the owners just compensation. It also prescribed the limits within which private property should be deemed benefited by the opening said street, and be assessed and charged to pay the compensation for the private property taken for the purpose of opening said street. The said lots were in the prescribed limits.

At the time of the approval and taking effect of such ordinance one Edward H. Bouton was the owner of said lots, and he afterward conveyed the same to defendant.

Upon the taking effect of said ordinance the city engineer made out and delivered to the mayor of said city a statement of the property to be taken, and the property deemed benefited and to be assessed to pay compensation as provided by said ordinance, giving the names of the owners of such lots or parcels of property, who were such at the time of passage and taking effect of said ordinance.

That on the twenty-seventh day of June, 1887, the mayor, under and in pursuance of said ordinance appointed a day and place for impaneling a jury to ascertain the compensation for the property to be taken for said street, and to make assessments to pay the same, the date being July 12, 1887, and the place the common council chamber of the city. The city clerk thereupon issued the proper notices required by the amended charter in such cases. Notice was served on

said Edward H. Bouton on the seventh day of July, 1887.

On the twelfth day of July, 1887, it appeared that notice had not been served on several of the parties interested, and the mayor continued the matter of impaneling the jury until August 24, 1887. The record of the mayor of August 24 recites that "the court adjudges that all parties have been duly notified and all persons interested duly served." On August 24, 1887, a jury was duly impaneled in the mayor's court, heard the evidence, viewed the property, heard the instructions, and rendered a verdict August 25, 1887, which, among other things, assessed certain benefits against said lots. The verdict was reported to the common council and confirmed and approved by ordinance, and the mayor entered judgment in accordance with the verdict.

In due time one of the parties to said proceedings appealed the same to the circuit court at Kansas City, and the cause came on for trial in the circuit court on March 13, 1888, and the record of said court recites that on said day "came the parties;" a jury was impaneled, a trial had, and afterward the jury returned into court their verdict, and the said circuit court record recites as follows: "Now on this nineteenth day of March, 1888, come the parties to these proceedings;" and the jury having returned their verdict, "and no cause to the contrary being shown," the court ordered and adjudged that said verdict be approved and confirmed, and rendered judgment accordingly.

That by said proceedings, verdict and judgment there was assessed against said lots benefits and assessments of $150 against each lot, in all $450 which by the amended charter of said city became a lien on the lots dating from the taking effect of said ordinance, viz., January 18, 1887. Neither said Bouton nor de-

fendant paid said taxes, and the plaintiff was compelled to and did pay the same, together with $34.56 interest, on the third day of October, 1888, in order to prevent the sale of said lots by said city under said judgment.

The section of the charter of Kansas City authorizing the proceeding is as follows:

"When any ordinance provides for taking private property, as authorized in the preceding section, the common council shall by ordinance, before any steps are taken to impanel a jury, determine and prescribe the limits within which private property shall be deemed benefited by the proposed improvement, and be assessed and charged to pay compensation therefor; and thereupon the city engineer shall make out and deliver to the mayor a statement, by plat, map, or otherwise, containing a correct description of the several lots or parcels of private property to be taken, together with a correct description of the several lots or parcels of property deemed benefited and to be assessed to pay compensation as provided by ordinance, as aforesaid, and containing also the names of the owners and claimants of such lots or parcels of property, or of any interest or estate therein, who may be such at the time of the passage of the ordinance providing for taking such private property.

"The mayor shall, thereupon, by order, appoint a day or place for impaneling a jury to ascertain the compensation for the property to be taken, and to make assessments to pay the same. The city clerk shall then issue a notice, under his hand and the seal of the city, which shall give the names of the owners of the property to be taken, and state that their property will be taken for the purpose specified in the ordinance, giving the title and date of approval thereof, and that a jury will be impaneled to ascertain the compensation therefor on

the day and at the place fixed by the mayor. The city clerk shall also issue another notice under his hand and the seal of the city, which shall give the names of the owners of the property to be assessed for compensation and state that their property will be assessed to compensate for the taking of private property for the purpose specified in the ordinance, giving the title and date of the approval thereof and that a jury will be impaneled to take such assessment on the day and at the place fixed by the mayor. Each property owner shall be served with the notice in which the name of such owner is given, either by delivering to such owner a copy of the notice, or leaving such copy for such owner at the usual place of abode of such owner with some member of the family of such owner over the age of fifteen years (corporations to be served in like manner as with summons in ordinary civil action), or if service can not be made on all or any of the parties, as aforesaid, within the city limits, the return shall so state, and the return on such notice shall be *prima facie* evidence of all facts stated therein; whereupon a copy of the notice not fully served, or, if necessary, an *alias* notice, specifying a different day to be fixed by the mayor for impaneling a jury shall be published for four weeks before the day fixed for impaneling the jury, in the newspaper for the time doing the city printing.

"The mayor may continue the matter for impaneling a jury from time to time, and cause new notices to be issued or published for owners named by the engineer or others interested, until jurisdiction of the proper parties is obtained. An affidavit of any publisher of any notice, accompanied with a copy of the notice, shall be evidence of the fact of publication as therein stated. Service of the notices shall be made at least six days before the jury shall be impaneled; publication

shall be sufficient if made for the four weeks next preceding the impaneling of the jury. It shall be sufficient to bring in the owners of property, who may be such at the date of the passage of the ordinance providing for the improvement, and all parties claiming or holding through or under such owners, or any of them, shall be bound by the proceedings without being brought in; in respect to any property affected by the proceedings through all or any of the parties claiming or holding through or under such owners, or any of them, may be joined on their own motion, or be brought in on order of the mayor."

ELLISON, J.—A perusal of the statement of this cause will disclose that the question for solution here is that of the validity of the proceedings had in the matter of the condemnation of property for a public street; in other words, the taking of private property for public use, where such proceedings originated before an inferior tribunal of limited statutory power only. Where such is the case, we merely assert common learning when we say that a strict construction must be applied and that every statutory requirement must appear to have been performed in order to validate the proceedings. *State ex rel. Greely v. City of St. Louis*, 67 Mo. 113; *Ells v. Railroad*, 51 Mo. 200.

This strict and close adherence to the statutory requirement must be followed until jurisdiction be fully obtained; *after* having acquired jurisdiction there are doubtless some irregularities which would not subject the proceedings to collateral attack. And in this connection plaintiff made one of his principal points in argument. He contends that jurisdiction of the subject-matter was obtained by the mayor's court upon the passage of the ordinance prescribing the limits in which private property may be benefited, and also,

perhaps, the filing with the mayor the engineer's statement; that jurisdiction of the person of Bouton, who then owned the property, was obtained by service of the notice upon him, however erroneous or defective such service may have been; that defective service, unlike *no* service, causes jurisdiction over the person to attach, and that the defect can only be reached directly and not collaterally. These are his contentions and he has cited strong authority which maintains that irregular or defective service of notice secures jurisdiction of the person and will not defeat jurisdiction of the cause. Freeman on Judg., sec. 26; *Harrington v. Wofford*, 46 Miss. 31; *Isaacs v. Price*, 2 Dillon C. C. 347; *Ballinger v. Tarbell*, 16 Iowa, 491. The latter case was where the statute required five days for service and only four were given.

But in these authorities it appears, or is assumed, or it is shown, that the court had jurisdiction of the subject-matter regardless of notice, and the distinction between jurisdiction of the subject-matter and the person is in the mind of those courts.

The case at bar belongs to a different class. It is of that class where the tribunal can only act conditionally; where the notice *required by the statute* is a prerequisite to *jurisdiction of the subject-matter*. *Wright v. Wilson*, 95 Ind. 408; *Doody v. Vaughn* 7 Neb. 28; *Van Auken v. Highway Com*. 27 Mich. 414; *Leavitt v. Eastman*, 77 Maine, 117; Mills on Eminent Domain, sec. 95.

Notice, *as prescribed by the statute*, must be given before jurisdiction can by acquired to act at all in cases involving a special statutory proceeding for taking the property of the citizen for public use. Whether such notice be personal or constructive can make no difference in the principle. And, if not so given, the whole proceeding is void (at least as to the

party affected) and may be attacked collaterally. Authorities *supra*, and *Frizzel v. Rogers*, 82 Ill. 109; *Hull v. Railroad*, 21 Neb. 371; *Commissioners v. Harper*, 38 Ill. 103; *Brazee v. Raymond*, 59 Mich. 548; *Odle v. Knisken*, 54 N. Y. 52; *Fravent v. Frinfrock*, 43 Ohio St. 335; *Platt v. Highway Com.* 38 Mich. 247; *Morgan v. Railroad*, 36 Mich. 428; *Stanford v. Worn*, 27 Cal. 171.

The case last cited was a defective or irregular service, in that the publication of the notice was for a shorter period than that prescribed. The case of *Morgan v. Railroad* was where the notice was mailed to the wrong post office. In each, the proceedings were held void for lack of jurisdiction. In *Leavitt v. Eastman*, 77 Maine, 117, it is declared that, "under statute authority, all the statute requirements must be fully and strictly complied with. In the procedure, no step, however unimportant, seemingly, must be omitted, nor will the substitution of other steps, in the place of those named in the statute, be sufficient. To deprive the citizen of his property requires the whole statute, and nothing in the place of the statute. If there be any degree in the importance of the requirements, that of notice of the intended proceedings, would be the chief."

In all the foregoing authorities the proceedings were held not merely erroneous, but void. Most of the cases, were a collateral attack on the proceedings, and in several there was a notice, but not of the character or for the time prescribed by the statute conferring the jurisdiction.

But we need not confine ourselves to the investigation of cases in other states. The supreme court of this state, in our opinion, has passed upon kindred questions in accord with the foregoing views. The case of *State ex rel. Greely v. City of St. Louis*, 67 Mo.

113, was a case of defective service, though it was a direct and not a collateral attack on the proceedings, but the court says that: "Notice to relators was a *jurisdictional fact* and is an *essential prerequisite* to be complied with before their property could be assessed with benefits." *Chicago, R. I. & P. Railway Co. v. Young*, 96 Mo. 39, was a direct attack upon proceedings had to open a public road and the court held: "The fact of notice having been given *in the mode pointed out by the statute,* is as much a jurisdictional prerequisite as is the residence of the statutory number of petitioners. If either be lacking, the jurisdiction fails, and for the obvious reason that such proceedings, being *in invitum*, in derogation of the common law and common right, are always regarded as *strictissimi juris,* and receive no aid from intendments or implication." *Zimmerman v. Snowden*, 88 Mo. 218, and *Doughtery v. Brown*, 91 Mo. 26, were *collateral* attacks upon proceedings opening public roads, and it was held that notice of the intended application for the roads should be put up for twenty days as required by statute and that such was a jurisdictional fact. The case of *Whitely v. Platte Co.*, 73 Mo. 30, though a direct appeal to reverse the order laying out a new road, is quite applicable to this case. There was a notice, but it was defective and irregular in that it did not comply with the statute, and the court held that notice for twenty days was jurisdictional and an indispensable prerequisite.

II. It is, however, further insisted that, as the record of the mayor's court recites that "the court adjudged that all parties have been duly notified and all persons interested duly served," that this is an adjudication of service and conclusive in a collateral proceeding. This is not tenable. An inferior court with special limited jurisdiction will not be permitted to give itself jurisdiction by a mere recital that it had such.

The matters showing the jurisdiction must affirmatively appear. The service which the court recites was due service, should have been stated affirmatively.

Again, even if the court had been one of general common law jurisdiction, such recital would be considered in connection with the whole record, and would be held to refer to the particular service actually made as is shown by other parts of the record, and, if the actual service shows itself to be fatally defective, there is no presumption of any other service. *Cloud v. Peirce City*, 86 Mo. 357; *Adams v. Cowles*, 95 Mo. 501; *Blodgett v. Schaeffer*, 94 Mo. 652.

III. It is further insisted that on the appeal of the case before the mayor to the circuit court there is a recital in the record of the circuit court, that: "Now on this nineteenth day of March, 1888, come the parties to these proceedings," which is contended to be conclusive as to the appearance of Bouton, under the rule laid down in *Crow v. Meyersieck*, 88 Mo. 411. The rule in that case is not applicable. That was with reference to jurisdiction over the person, and we have shown that in this case there was no jurisdiction by the mayor's court over the subject-matter, in that, there was lacking the essential *prerequisite* of statutory notice. It needs no argument to show that if there was no jurisdiction of the subject-matter by the mayor's court, there could be none conferred upon the circuit court by appeal, and that, if such case comes before the circuit court, the proceedings should be dismissed. *Haggard v. Railroad*, 63 Mo. 302; *Jist v. Loring*, 60 Mo. 487.

IV. It is further insisted that, as the jury was not impaneled on the day named in the notice to Bouton but that the cause was continued to a period of more than six days from the date of service upon him, he had the requisite six days' notice. The charter requires that a day and place for assessment shall be

fixed by the mayor and that notice of *such day and place* when and where a jury will be impaneled shall be issued by the city clerk and that service of such notice shall be made at least six days before the day fixed for empaneling such jury. The fact that there was a continuance of the case can in no case aid the jurisdiction which had not attached. The provision of the charter in regard to continuances where proper service has not been had, does not aim to cure an improper service. When there has not been a proper service, the mayor may, says the charter, continue the matter of impaneling a jury from time to time, and cause *new* notices to be issued or published until jurisdiction is obtained. This we regard as a command of the statute which is in the face of the contention here urged.

We have been cited to the case of *Bowman v. Railroad*, 102 Ill. 472, a condemnation case, as sustaining the view taken by pliantiff as to the continuance curing the defect of the service and as to jurisdiction being obtained by the defective service. We are not advised as to the statutes under which the proceedings were instituted. But whatever the statute may be, the court, in announcing that strict construction need not be given in such cases and that a close adherence to the statute need not be had, is diametrically opposed to our notions of the law in such cases as it has been frequently declared by our supreme court.

The result is that the judgment should be affirmed. GILL, J., concurs. SMITH, P. J., dissents.

### DISSENTING OPINION.

SMITH, P. J.—I. The question here presented for decision is whether five days' notice to Bouton before the jury was impaneled, when he was entitled to six days' notice under the provisions of section 2, article 7,

Acts, 1875, page 244, was sufficient to confer jurisdiction over his person for the purpose of the proceedings. It is conceded that the notice was in due form and executed by the proper officer. The precise objection to it is that it was not served the requisite number of days before the jury was to be impaneled by the mayor. No question respecting the regularity of the notice, as I understand it, in any other respect is pretended. If jurisdiction of Bouton as a party was obtained by the five days' service of the notice, then the proceeding upon which plaintiff's cause of action is bottomed is not open to collateral assault. The question, then, is when does jurisdiction arise, or what gives jurisdiction? The answer is: first, the law; second, a petition or whatever stands in its place; third, notice when required. No question is made as to the jurisdiction over the subject-matter, but jurisdiction of the person of Bouton by the service of the notice, it is contended, was not acquired. This brings us to the consideration of the question how jurisdiction over the person may be acquired. Article VII of the charter of the City of Kansas (Acts, 1875, page 196) conferred upon the city the jurisdiction to open streets and to condemn private property for that purpose. It was an exercise of this jurisdiction by the city to pass the ordinance providing for the opening of Elma street.

The provisions of said city charter, and the passage of the said ordinance gave the mayor's court jurisdiction over the subject-matter of said condemnation proceedings. It was authorized by these concurring conditions to entertain the proceeding; without either the charter or the ordinance provisions, there was no jurisdiction to entertain the proceedings to condemn private property for the purpose of opening the street in question. To these must be added a third essential condition in order to confer the power to hear and

determine the matter and pronounce a final judgment. This last named condition is that of notice. By all the authorities here and elsewhere, the requirement is imperative that the person whose property is sought to be taken for public use must have notice, for this is the crowning act which confers and perfects the jurisdiction; without it the proceeding is *coram non judice*. If a party has not had notice, of the kind required by the law conferring the condemnatory authority, the proceeding is void as to him, at least, as was said in *Fithian v. Monks*, 43 Mo. 502. "Jurisdiction over the party is acquired when the person is actually and personally served with process within the territorial limits of jurisdiction." *Kipp v. Fullerton*, 4 Minn. 473; *Estate of Newman*, 75 Cal. 213, 225; *Dunbar v. Lang*, 4 Henning & M. 212; *Frind v. Green*, 23 Pac. Rep. 92.

Here Bouton was actually and personally served with notice within the limit of the jurisdiction, but the time of the notice was less than that required by the city charter. Now, since jurisdiction is acquired by the actual and personal service of the notice, the effect of the service of the notice as to time is a defect in the acquisition of the jurisdiction, but not of the jurisdiction itself. The mode or manner of acquiring the jurisdiction is one thing, while the jurisdiction is another. *The manner* by which power or jurisdiction is acquired is to be distinguished from the power or jurisdiction so acquired. There is a distinction between a want of jurisdiction and a defect in obtaining jurisdiction. A party is brought within the power of the court by the service of summons or some other process issued in the suit. From the moment of the service of the process the court has such control over the litigant that all its subsequent proceedings, however erroneous, are not void. If there is any irregularity in the process or in the manner of the service the defendant must take

advantage of that matter by some motion or proceeding in the court where the action is pending.

"*It is the fact of service* that gives the court jurisdiction. The defendant having been summoned to appear on a day ascertained it can not be said that the court had no jurisdiction of the person so as to make its judgment a nullity. In legal compensation the court acquires jurisdiction by the proper service of process, and *the defendant is in court* and charged with notice of whatever action the court has taken during the pendency of the case, and if judgment has *been taken prematurely against him* he can only avoid it by direct proceeding in that action. Judgment can not be impeached collaterally upon that ground. The fact that the defendant *has not been given all the time · allowed by law to answer*, after proper service of summons will not so vitiate the judgment as to render it a *nullity. From the moment of the service of process the court has jurisdiction over the person."* . *Woodward v. Baker,* 10 Ore. 491 and 493 and cases cited. "The defendant is not at liberty to treat the summons with perfect indifference." *Frazer v. Sidley,* 50 Ga. 96, 102; *McDaniel v. Watkins,* 76 N. C. 399, 400; *Sparrow v. Davidson College,* 77 N. C. 35. "It is a principle to which there is no exception that a court having authority to issue process *acquires jurisdiction of the person of the defendant by a personal service of that process upon him. Barnes v. Harris,* 4 N. Y. 375, 376 (a case where the rule was applied to a court of special and limited jurisdiction). It such a case it has always been held that the jurisdiction attaches *from the time of service,* and that if there is any objection to be made as to the regularity of the service, the defendant must appear for that purpose and make it, or institute direct proceedings to impeach the judgment." "*From the date of service*

*the court had jurisdiction of the person of the defendant.''*
*The Town of Lyons v. Cooledge,* 89 Ill. 529, 534.

"There is an obvious distinction between a total
want of service and a defective service, as to their
effect in judicial proceedings.   In the one case a decree
or judgment is void, in the other the defective service
gives the defendant actual notice of the proceeding
against him, and the judgment, although erroneous, is
valid until reversed, etc.''   Howes on Jurisdiction, sec.
230; *Penneger v. Neff,* 95 U. S. 714 and 724;   Howes
on Jurisdiction of Courts, sec. 229.   From the time of
service of summons, the court is deemed to have
acquired jurisdiction of the person.

*The fact that the defendant is not given all the time
allowed by law to plead* or that he was served by some
person incompetent to make valid service, or any other
fact connected with the service of process on account
of which the judgment by default would be reversed
upon appeal or writ of error would not ordinarily make
the judgment vulnerable to collateral attack.   Free-
man on Judgments [3 Ed.], sec. 126; *Ives v. East-
haven,* 48 Conn. 272.

In *Ballinger v. Tarbell,* 16 Iowa, 491, it was held
that where the service of process in giving four days'
notice where the law required five days' notice was,
nevertheless, sufficient to support judgment of a justice
of the peace.   And it was there further held that the
service was simply erroneous and not void.   "It is not
a case where there was no service at all, but where
there was a *defective service.''*   The justice erred in
deciding that this service authorized him to render
judgment against the defendant, but that the defend-
ant could not question the validity of the judgment or
claim to have it treated as void in a collateral proceed-
ing.   To the same effect, *Haerus v. Drake,* 23 Pac. Rep.
621; *Dutton v. Hobson,* 7 Kan. 190.

In *Morrow v. Weed*, 4 Iowa, 77, it was said: "If there be notice, or publication, or whatever of this nature the law requires in reference to persons or other matters, its sufficiency can not be questioned collaterally." In *Myers v. Davis*, 47 Iowa, 325, it was said that it may be admitted that the service in this case was defective and that upon appeal the judgment would have been set aside. And yet it is not a case of no service rendering the judgment of the court void for want of jurisdiction, and liable to collateral attack. When the service is insufficient only in the manner of making it, a question of jurisdiction is raised which the court must decide, and if it does so erroneously the judgment though voidable is binding until reversed and corrected on appeal. In *Cole v. Butler*, 43 Maine, 401, it was said: "Notwithstanding the service of the writ may not be in conformity with the requirements of the statute, it is to be deemed valid and binding upon all the parties and privies to it until reversed."

In *Bowman v. Railroad*, 102 Ill. 472, which was a proceeding to condemn a right of way for railway purposes where the landowner was entitled, under the statute, to ten days' notice, the court there held that the service, though not in time for the purposes of the trial, gave the court jurisdiction of the person of the defendant. *Harrington v. Wofford*, 46 Miss. 31, was an appeal from a decree ordering a sale of real estate, on the ground, that it was not only erroneous but void for the want of sufficient service of process on the defendants. In the consideration of the appeal, the court say there is a very clear and obvious distinction between a total want of process and a defective service of process as to their effect in judicial proceedings. In one case the defendant has no notice at all of the suit against him. The judgment in such case is *coram non judice* and void. In the other case the defective service

of process gives the defendant actual notice of the proceeding, and the judgment though erroneous would be valid until reversed by a direct proceeding in an appellate jurisdiction, and its validity can not be called in question collaterally.  A similar ruling was made in *Campbell v. Hays*, 41 Miss. 562.  *Meyer v. Overton*, 11 Abbott's Prac. Reps. 344, was where there was a defective service of summons, and it was held that the court had jurisdiction of the subject-matter and the person, and that the mode of service had nothing to do with the question of jurisdiction.

In *Isaacs v. Price*, 2 Dillon's C. C. Rep. 347, it is said "that a distinction is to be made between a case where there is no service whatever, and one which is simply defective or irregular."  In the first case the court acquires no jurisdiction and its judgment is void, in the other case if the court to which the process is returnable adjudged the service sufficient, and renders judgment it is not void but only subject to be set aside by the court which gave it, or reversed on appeal.

*Kane v. McCown*, 55 Mo. 181, was a suit by attachment, where the defendant was notified by publication. The order of publication and the mode of publication were defective in not conforming to the provisions of the statute.  The court there said: "Whether the order of publication is so defective that the court should not proceed to judgment, is a point decided by the court which tries the case, and its decision one way or the other is merely a matter of review in a direct proceeding to set aside the judgment.  The finding or determination of fact can not be attacked collaterally, any more than any other conclusion of the court in the course of its proceeding to find judgment."  In *Johnson v. Gage*, 57 Mo. 160, it was said that in an attachment suit the attachment had been regularly issued, the property seized thereunder the court thereby

acquires jurisdiction of the case as to the property attached, and the judgments rendered against the property will not be void, although no sufficient publication is made. The court having already acquired jurisdiction, the judgment could only be set aside for irregularity by a direct proceeding for that purpose. *Bailey v. McGuire*, 57 Mo. 362, was a case where the validity of a judgment which was collaterally questioned had been entered against nonresident defendants who were notified by publication at the first term, or the term at which they were notified to appear, and it was held that the court acquired jurisdiction of the parties and the judgment was not a nullity. In *Branstetter v. Rives*, 34 Mo. 318, where the defendant was served with process, and had until the sixth day of the term of the court, to which the process was returnable, to appear and the judgment was rendered on the fourth day against the defendant, it was held that the court acquired jurisdiction of the person of the defendant, and that the judgment was not void but irregular, being entered in advance of the time provided by law, and could be set aside by direct proceeding.

The notice in this case, as has already been intimated, was found regular and sufficient. It is not to be confounded with process which is so defective as to be in substance no process, as when it does not state the place or time, when and where the defendant is required to appear and make his defense. In such case no jurisdiction is obtained over the person of the defendant, and the judgment is of no validity. *Kitsmuller v. Tarbell*, 16 Iowa, 492. The notice here is not obnoxious to any such objections. It seems to me that under the authorities to which I have just adverted, the notice to Bouton, though defectively and irregularly served as to the time, was sufficient to confer jurisdiction of his person. The defect or irreg-

ularity was in the mode or manner of its acquisition; and, while the condemnation proceedings and judgment were subject to this infirmity, they were invulnerable to collateral attack.

There are two modes of obtaining jurisdiction over the person of a defendant. First, by personal service of summons, and, second, by constructive service or what is commonly designated publication of summons. The latter is substitutionary. If the substitutionary service is not made according to the requirements of the statute, it may be well doubted whether it would have any effect whatever. The difference between these cases, and those in which constructive service alone is relied on is, that personal service gives *actual notice* and accords with common law rule in reference to service (Howes, sec. 230), while constructive service is in *derogation of common law and must be strictly followed.* Howes, sec. 234; *Stewart v. Stinger*, 41 Mo. 400; *Galpin v. Page*, 18 Wall. 364; *Chandler v. Hanna*, 73 Ala. 390; *Bradley v. Johnson*, 46 Iowa, 68.

Service by publication does not proceed upon the idea of *personal* service; otherwise, in order to validate publication it would be necessary to show that the defendant actually saw it. Hawes, sec. 233. The difference between the rules which govern personal service and service by publication is very clearly and concisely set forth in *Skelton v. Sackett*, 91 Mo. 377, 380.

In the case of *Wellshear v. Kelly*, 69 Mo. 343, which was a case where the validity of a back tax proceeding, which had been commenced by publication, was questioned in a collateral action of ejectment, the back tax proceeding was *in invitum*, and yet the supreme court held that, while the notice by publication to the delinquent taxpayer against whose land the proceeding was directed might have been questioned

by appeal or writ of error, it *was not open to collateral attack*. *Freeman v. Thompson*, 53 Mo. 183; *Kane v. McCown*, 55 Mo. 181; so that I conclude that, whether there is, or is not a difference between the effect of an irregularity in the service of actual personal notice and that of constructive service by publication, a judgment based on the latter is invulnerable to collateral attack; and this, too, in proceedings to appropriate private property for public use. *Wellshear v. Kelly, supra.*

It is confidently asserted that no case can be found in this state where it is held that process *actually and personally served within the territorial limits of jurisdiction* does not confer jurisdiction of the person. The contrary view is supported by cases arising in proceedings to open or change public roads where the notice required by statute, section 6936, had not been put up in the township in the manner there required. These are all cases of *constructive service of notice*. *Whitely v. Platte Co.*, 73 Mo. 30; *Zimmerman v. Snowden*, 88 Mo. 220; *Dougherty v. Brown*, 91 Mo. 31; *Railroad v. Young*, 96 Mo. 39; *Fisher v. Davis*, 27 Mo. App. 321.

In *State ex rel. Greely v. City of St. Louis*, 67 Mo. 113, the return of the marshal did not show how the notice was served or in what it consisted. The court held that the record did not *show that the notice required by the statute had been given*, hence there was the absence from it of a jurisdictional fact. This case decides nothing adversely to our contention. No case has been cited or found in this state where the landowner has been personally and actually served with process within the limits of jurisdiction, that the judgment of condemnation has been overthrown in a collateral proceeding on account of the defective service of the process as to time. Nor is there likely to be,

until the rule announced in *Fithian v. Monk, supra,* is abrogated.

Cases arising on constructive service of notice do not come within this rule. The distinction between cases of that class and the one to which this belongs is quite apparent as has been shown. It will be seen, upon examination, that most of the cases which are relied upon in opposition to the views herein expressed, were those in which the jurisdictional question arose on account of the defect or insufficiency of the substitutionary or constructive service of notice of the proceeding. No court has held, so far as I have been able to discover, that when the landowner is actually and personally served with process, jurisdiction of the person did not thereby attach.

No case has been cited, within or without this state, having the slightest resemblance to this case, where the jurisdiction of any court or tribunal was successfully questioned in a collateral proceeding. Most of the cases cited by the plaintiff was when there had been some departure from the statutory requirements as to the mode or manner of making publication of the notice which constituted the constructive or substitutionary service. In such cases such service was equivalent to no service of notice at all, and the party to be affected by it was not bound to pay any attention whatever to it; but in those cases where there is actual personal service of the notice, which is in due form, and served by the officer named in the statute, within the limit of jurisdiction, the party to be affected by it can not treat it as nothing, even when such service is not reasonable. The latter class of cases to which this case belongs falls within the rule of *Fithian v. Monks,* where the jurisdiction attaches in consequence of the service to the person.

I am unable to deduce any other conclusion from an exploration of the cases bearing or supposed to have a bearing upon the question under consideration. The mayor's court, if such it may be termed, was, under the charter of the city of Kansas, and the ordinance passed by its common council in relation to the opening of said street, invested with jurisdiction of the subject-matter of the proceeding, and when said notice was issued and served, though untimely, upon Bouton that court acquired jurisdiction of his person, and thus the jurisdiction of the subject-matter and the person were conferred and its judgment was no more subject to impeachment in a collateral proceeding than the judgment of any other court of exclusive jurisdiction. *Lednob v. Railroad*, 23 Wall. 108; *Sedalia v. Railroad*, 17 Mo. App. 105.

And this is the view of the rule declared in *Ellis v. Railroad*, 51 Mo. 200, and kindred cases, to the effect that, in proceeding in derogation of the common law, the utmost strictness is required in order to give validity, and, unless it appears upon the face of the proceedings that every essential prerequisite of the statute conferring the authority has been fully complied with, every step will be *coram non judice*. It must be observed in the condemnation proceedings under examination, "every essential prerequisite has been complied with." Jurisdiction of the subject-matter is conceded, and jurisdiction of the person was acquired by actual personal service of process upon Bouton. Jurisdiction of the person, though irregularly acquired, still, as far as the validity of the proceeding can be questioned in this collateral way, is as if the jurisdiction had been in all respects regularly acquired. The defendant relies upon the erroneous assumption that there was a want of notice. There was notice, though irregularly and defectively served. There is an obvious distinc-

tion to be noted between cases where there is a notice and where it is so defective in substance as to be no notice at all, and a case where the notice in form and substance is regular and complete and served by the proper officer within the territorial limits of jurisdiction, though not served the length of time required by law before the defendant is notified by it to appear. In the first case jurisdiction would not be obtained, while in the second it would. Judgment in the one instance would be void, and in the other voidable. It is not to be controverted that a judgment rendered without notice is void, nor that advantage may be taken of such judgment in a collateral proceeding, nor that jurisdiction of the court over the person must appear affirmatively by the record. The error of the defendant is in supposing there was no notice and therefore no jurisdiction. If we are correct in our conclusion as to the law, there was notice and consequent jurisdiction of both the subject-matter and the person of Bouton in the condemnation proceedings.

II. The defendant contends that the benefits should have been assessed in the mayor's court by a jury of six disinterested freeholders of the city; as this does not appear to have been done, that this ousted the jurisdiction. Even if the jury did not possess the charter qualifications, this fact would not have the effect which the defendant suggests. The charter of the city—section 6—provides that the cause upon appeal to the circuit court "shall be tried *de novo*," and on a trial thus had before a jury, when qualifications are impliedly admitted, this error in the proceeding in the mayor's court, if such it was, was corrected. *Sedalia v. Railroad*, 17 Mo. App. 105; *Long v. Talley*, 91 Mo. 305; *Southern v. Holmes*, 78 Mo. 399; Mills on Em. Dom. —.

III.   The judgment of the circuit court recites the fact that "now at this day come the parties to these proceedings, etc." Bouton was included in this record reference because he was one of "the parties to these proceedings." This recital, coupled with the further fact that he was served, though irregularly, with notice, is sufficient, as there is nothing showing by the other parts of the record that it is untrue. Upon the subject that the recital of the appearance of the parties is conclusive, and that, although the rule is that nothing will be presumed in favor of the jurisdiction of a court of limited jurisdiction, it is equally well settled that nothing can be presumed *against it*. The effect of that recital is just as conclusive as if the proceeding was one within the general common law jurisdiction of the court.   *Barnes v. Harris*, 4 N. Y. 375, 388.

To obtain jurisdiction of the person the court must have him served personally or constructively within its own territorial limits or *he must come into court*. Waples on At. & Garn. 305.   The record in this case affirmatively shows that Bouton appeared to the action in the circuit court.   This is conclusive, as against collateral attack, unless it is contradicted by some other part of the record proper.   *Hahn v. Kelly*, 34 Cal. 402; *Reeve v. Kennedy*, 43 Cal. 643.

The return of the service of the notice, which shows that he was not served the requisite number of days before he was required to appear before the mayor's court, does not contradict the record statement that he subsequently appeared in the circuit court to the action. *Crow v. Meyersieck*, 88 Mo. 411.

It inevitably results from these observations that the circuit court erred in refusing to declare the law to be as asked by the plaintiff, that, "under the evidence and agreements in the case, the finding and judgment should be for the plaintiff."

I am satisfied that the condemnation judgment in question is not open to collateral attack on account of any infirmity in the proceeding in which it was rendered. I think I have successfully demonstrated this to be so, both upon principle and authority. I can not, therefore, yield my convictions to those of the majority of my associates. We are as wide apart as the poles on the question involved. I think the judgment of the circuit court should be reversed.

#### ON MOTION FOR REHEARING.

ELLISON, J.—A further examination of this cause discloses that, under the uniform ruling of the supreme court of this state, no jurisdiction whatever was obtained over the person of Bouton; and that the service was not merely defective, but was *no* service, and the judgment against him was not merely erroneous, but void. *France v. Evans*, 90 Mo. 74; and can be questioned collaterally. *Howard v. Clark*, 43 Mo. 344. So that if we concede for the moment that the jurisdiction involved by the defective service went only to the person, and not to the subject-matter, as is so earnestly urged, the case still fails, as the lack of notice to Bouton for the statutory length of time rendered the judgment against him absolutely void.

We add these additional remarks to what was said as to the recital by the record of the circuit court of, "Now on this nineteenth day of March, 1888, come the parties to these proceedings." It should appear from the face of the record that there was jurisdiction.

This should be plainly shown and expressed with certainty. An equivocal statement will not suffice to make out the appearance of a party not served with notice. Freeman, in his work on Judgments, section 155, says: "In all cases where the expression in the

judgment is general it will be confined to the parties served with process." This is undoubtedly true where the general expression will fully apply to the parties served with process. In *Hubbard v. Dubois*, 37 Vermont, 94, the record showed a proper service on two of four defendants, and the judgment recital was that "defendants came by their attorney." It was held that the record referred to the two defendants who were served and only showed an appearance by those two.

In the case at bar the record does not mention Bouton by name, nor is the style of the case such that the word "parties" necessarily refers to him. There were a number of parties to the cause, and it would be outside the bounds of reason to hold that the plural word "parties," which finds its proper application to others than Bouton, necessarily includes him, when he took no part in the appeal and had no notice of the proceedings.

Motion denied. GILL, J., concurs. SMITH, P. J., dissents.

### ADDITIONAL OPINION BY SMITH, P. J.

I have been unable to agree with my associates in either of the opinions expressed by them in this case. I deem the decision contrary to a number of decisions of the supreme court.

I. The service of notice on Bouton was sufficient to confer jurisdiction over his person for the purposes of the condemnation proceedings. *Fithian v. Monks,* 43 Mo. 502; *Hagerman v. Sutton,* 91 Mo. 519; *Quayle v. Railroad,* 63 Mo. 465; *Griffin v. VanMeter,* 53 Mo. 430.

II. Therefore the proceeding upon which the plaintiff's cause of action is based is not open to collateral attack. *Branstetter v. Reeves,* 34 Mo. 318; *Castleman v. Rief,* 50 Mo. 583; *Wellshear v. Kelly,* 69 Mo. 343.

III. The jurisdiction of the circuit court was completed by the record recitals of the appearance of Bouton there upon the appeal. *Crow v. Meyersieck*, 88 Mo. 411; *Bouleran v. Railroad*, 79 Mo. 494; *Grant v. Railroad*, 79 Mo. 502; *Fitterling v. Railroad*, 79 Mo. 504; *Reddick v. Newburn*, 76 Mo. 423; *Kelly v. Railroad*, 86 Mo. 681; *Krowski v. Railroad*, 77 Mo. 362; *Griffin v. VanMeter*, 53 Mo. 430.

The cause and original transcript therein will, therefore, be certified and transferred to the supreme court.