| 67 | 113 |
| 44a | 106 |
| 67 | 113 |
| 48a | 542 |
| 67 | 113 |
| 63a | 594 |
| 63a | 608 |

STATE *ex rel.* GREELY v. CITY OF ST. LOUIS, *et al., Appellants.*

1. **Street Opening**: ASSESSMENT OF BENEFITS: NOTICE: MARSHAL'S RETURN. The charter of the city of St. Louis (Acts 1870, p. 478, § 2), provided that notice of proceedings to open any street should be given to any person whose property was to be condemned, either by delivering the same to him, or by leaving a copy at his usual place of abode; also, that notice should be given to any person against whose property it was proposed to assess benefits, " such notice to be served or published for the same terms of time, for like causes and with like effect, respectively, as is provided for notices in cases of condemnation." In a proceeding under this act the city marshal returned that he had served notice on certain persons, against whose property it was proposed to assess benefits, "by having had personal service." On *certiorari* to set aside an assessment founded upon this notice, *Held*, 1st, That a person whose property was assessed with benefits was entitled to be served with notice in the same manner as one whose property was condemned; 2nd, That the marshal's return was insufficient, because it failed to state in what the personal service consisted; 3rd, That the proceeding being *in invitum,* statutory, summary and in derogation of private right, and notice being essential to confer jurisdiction, the assessment was void, because it did not appear affirmatively on the face of the record that the prescribed notice had been given.

2. **Amendment of Officer's Return.** A paper intended as an amended return of the marshal showing service of a notice will not be allowed to have effect as such unless made and filed by leave of court.

8

*Appeal from St. Louis Court of Appeals.*

*Leverett Bell* with *W. H. Horner* and *Joseph Dickson* for appellants.

The return of the marshal is sufficient. The words, "personal service," have a fixed, definite and well-known meaning, and indicate that he either read or delivered a notice to the parties personally. The meaning of the officer may be gathered from the face of the return—all portions being regarded, and that is all that the law requires. That he meant that he delivered or read the notice to the persons named as having been "personally served," is clear, when we consider that his return is in three parts. As to one class, he says he executed the writ by "having had personal service;" as to another class, by leaving at the usual place of abode, and still another that he could not find them and therefore served such by publication. Aside from this, the law did not require the marshal to give persons, whose property might be assessed benefits, any particular kind of notice; nor did it require him to serve it in any particular manner. Had the law-makers intended to prescribe any particular form of notice, or any special manner of serving same on the parties to be assessed benefits, they would have so declared, as they did in the first part of the same section as to notice to be given to parties whose land it was proposed to condemn. Laws of Mo. 1870, p. 478, § 2. By this section it will appear that the only particular in which the two notices are similar, is in the requirement that in case of a published notice the "terms of time" are the same.

Futhermore, the ambiguity of the return is not such an error as will warrant the total setting aside and annulling of this important proceeding. An amendment of the return has been allowed in cases similar to case now under discussion, and it has been held that an officer may amend

his return after the case has been appealed and is in the Supreme Court. And the officer in this case did amend the return, curing the alleged defect. *Blaisdell v. Steamboat Pope*, 19 Mo. 159; *Stewart v. Stringer*, 45 Mo. 115; *Muldrow v. Bates*, 5 Mo. 214; Wag. Stat., pp. 1036–7, §§ 19, 20; *Phillips v. Evans*, 64 Mo. 17.

*S. A. Holmes* for respondent.

1. There must be a strict compliance with all the requirements of the statute in proceedings to take property for public use, and that compliance must appear upon the face of the proceeding, or they are void. *Ells v. Pacific R. R.*, 51 Mo. 200; *Leslie v. St. Louis*, 47 Mo. 474; *Anderson v. St. Louis*, 47 Mo. 479; *Ruggles v. Collier*, 43 Mo. 353.

2. The land commissioner acquired no jurisdiction of the relators or their property in the proceedings before him. There was no service of the notice as to them, and in contemplation of law they had no notice, and, as to them, the proceeding is void. Sess. Acts 1870, Sec. 2, p. 478; *Dickey v. Tennison*, 27 Mo. 373; *Boonville v. Ormrod*, 26 Mo. 193; *Waddingham v. St. Louis*, 14 Mo. 190; *Hewitt v. Weatherby*, 57 Mo. 276; *Charless v. Marney*, 1 Mo. 537; *Smith v. Rollins*, 25 Mo. 408; *Huff v. Shepard*, 58 Mo. 246; 2 Dillon on Mun. Corp. (2 Ed.) § 471, p. 571.

NORTON, J.—This is a proceeding by *certiorari* in the circuit court of St. Louis county, the purpose of which is to correct certain alleged errors of the land commissioner of the city of St. Louis, in the assessment of benefits against relators growing out of opening Franklin Avenue, a street of said city. On the trial, judgment was rendered for defendants, which, on appeal to the St. Louis Court of Appeals, was reversed and judgment rendered for plaintiffs, from which defendants have appealed to this court.

It is claimed that the record discloses five valid ob-

jections to the legality of the proceedings of the land commissioner, one of which is as follow, viz : that it nowhere appears from the said record that either of the said relators had any legal or proper notice of the proceedings of said land commissioner in opening Franklin Avenue. The law authorizing the proceeding provides that, in opening any street, six days notice shall be given to the persons whose property is to be condemned, and that the notice shall be served by the city marshal, either by delivering the same to the person, or by leaving a copy thereof at the usual place of abode of such person, with some member of the family over the age of fifteen years; also, that the land commissioner shall cause a notice of the commencement or pendency of proceedings for the assessment of benefits with which to meet payments of any such damages to be given to any person whose property it is proposed to assess for that purpose, and that such notice shall be served or published for the same terms of time, for like causes and with like effect, respectively, as is provided for notices in cases of condemnation.   Acts 1870, p. 478, Sec. 2.   We think the obvious meaning of the law is, that a person whose property is assessed with benefits, is to be served with notice in the same manner that a person whose property is condemned, is required to be served.

The return of the marshal, as to service of notice on the relators, does not comply with the law.   It does not show that it was served, either by delivering it to them, or by leaving a copy thereof at their usual place of abode. It simply states that he executed the same by having had personal service.   It was not for the marshal to determine what was personal service.   The return should have stated in what the personal service consisted, so that the court could determine its sufficiency.

It is said in the argument of counsel, that this return was amended so as to make it comply with the law.   From the record before us, this does not appear.   It is true, among the papers we find a detached paper signed by the

marshal, not marked filed, purporting to be an amended return, on the back of which is the following indorsement:

"Presented, and amendment granted, Feb. 4, 1874.
                                        LEWIS, Clerk."

This paper we cannot consider, first, because it is not filed; and, second, because if intended as an amended return, it does not appear to have been made by the authority of the court. Amendments of this character are allowable, but can only be made under the sanction of the court, or some competent authority. Sec. 21, Wag. Stat. 1037, provides "that no process, pleading or record shall be amended or impaired by the clerk or other officer, without the order of such court, or some court of competent authority."

This we presume was the view taken of this alleged amended return by the Court of Appeals, as nothing is said in relation to it in the opinion delivered, and it is only adverted to here, because it has been brought to our attention in appellants' brief and passed *sub silentio* in that of respondent.

The proceeding against relators being *in invitum*, statutory and summary, and in derogation of private right, the utmost strictness is required in order to give it validity, and, unless upon the face of the proceedings had, it affirmatively appear that every essential prerequisite of the statute conferring authority, has been fully complied with, every step from inception will be *coram non judice*. (*Ells v. Pacific R. R.*, 51 Mo. 200.)

Notice to relators was a jurisdictional fact, and an essential prerequisite to be complied with, before their property could be assessed with benefits. The record does not show that this notice was given, and hence it follows that, for that reason, if for no other, the judgment of the Court of Appeals was for the right party, and should be affirmed,

which, with the concurrence of the other judges, is done.

AFFIRMED.