L. T. HENRY, Overseer Road District No. 12, Respondent, v. THE WABASH WESTERN RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, February 24, 1891.

1. **Justices of the Peace:** AMENDMENT OF STATEMENT BY SUPPLYING JURISDICTIONAL DEFECTS. In an action before a justice of the peace, instituted under the act of March 27, 1888, for the recovery of double the cost of repairs of crossings of public roads over a railroad, the statement filed before the justice may be amended on appeal in the circuit court, and jurisdictional defects may be supplied by such amendment, as long as the cause of action is not changed.

2. **Railroads:** ACTION FOR FAILURE TO CONSTRUCT CROSSING FOR PUBLIC ROAD: SERVICE OF NOTICE. The service of the notice of the necessity for the construction or maintenance of such crossings, which the statute requires the overseer to give to the railway company, is sufficient, if the notice is actually delivered to the agent of the railway company most convenient to the crossing; the service need not be made by any particular officer or person.

3. ——: ——: SUFFICIENCY OF NOTICE. The fact that the notice demands the construction of the crossings within sixty days, when the statute requires the crossing to be constructed within thirty days after the service of the notice, does not affect the sufficiency of the notice, if the overseer does not proceed to make any repairs until after the expiration of the sixty days; nor need the notice set forth the statute in all its details.

4. Evidence: HIGHWAYS: PAROL EVIDENCE. The existence of public streets and highways may be shown by parol in the absence of an objection thereto.

5. ——: ——: CONSISTENCY OF PROVISIONS OF SPECIAL CHARTER WITH GENERAL STATUTE. The charter of a railway company, which was created by a special act of the legislature, provided that the company should "keep good and sufficient crossings or adequate facilities for crossing the same;" but there was no claim that the charter was irrepealable, nor that the company was exempt from police regulations consistent with its charter. *Held* that the company was subject to the provisions of the said act of March 27, 1885, which provides how such an obligation shall be enforced, and prescribes a penalty for the violation thereof.

*Appeal from the St. Charles Circuit Court.*

AFFIRMED,

*George S. Grover*, for appellant.

(1) There was no proof offered that the crossings in question were public roads. This was a fatal omission. Acts, 1885, p. 87; R. S. 1879, sec. 6976; *Badean v. City of Cape Girardeau*, 71 Mo. 392. (2) The court erred in permitting the amended complaint to be filed after the case had been tried and was under advisement, when the obvious purpose of the amended complaint was not to correct mere imperfections in matters of form, but to supply jurisdictional and fatal defects in the original statement. R. S. 1879, sec. 3538; R. S. 1879, sec. 3570; *Webb v. Tweedie*, 30 Mo. 488; *Gist v. Loring*, 60 Mo. 487; *Madkins v. Trice*, 65 Mo. 656] Neither the original nor the amended complaint stated facts sufficient to constitute a cause of action under the law of 1885. Acts, 1885, p. 87; R. S. 1879, sec. 3550; *Nall v. Railroad*, 97 Mo. 68. (3) There was no

competent proof offered that defendant had ever been served with any notice, as required by the statute. The constable's return did not establish that fact as to the first notice, because it was not such a paper as he was authorized by law to serve. Acts, 1885, p. 87; R. S. 1879, secs. 473, 474, 552, 748, 751, 2707, 3055, 3489, 3501, 3505, 3507 and 3508. (4) As this statute is penal, all its requirements are mandatory; and the record must show a strict compliance with all of its provisions, in order to maintain this action. Acts, 1885, p. 87; *State v. City of St. Louis*, 67 Mo. 113; *State v. Railroad*, 75 Mo. 526; *Jefferson Co. v. Cowan*, 54 Mo. 234; *Whiteley v. Platte Co.*, 73 Mo. 30; *Zimmerman v. Snowdon*, 88 Mo. 218. (5) Under the charter of the North Missouri Railroad Company, now vested in the defendant, this action cannot be maintained. Constitution of Mo., art. 12, sec. 2; *Daniels v. Railroad*, 62 Mo. 43; *State v. Railroad*, 3 Mo. App. 80; *Livingston Co. v. Bank*, 128 U. S. 102; *Luckie v. Railroad*, 67 Mo. 245.

*O. A. Keithley*, for respondent.

(1) The proof that the crossings in question were public roads was sufficient. There was no formal objection to the oral testimony at the time on that ground, and appellant will not be heard to complain now. (2) The original statement stated a good cause of action. The amended statement stated fully all the facts necessary to constitute a cause of action. *Minter v. Railroad*, 82 Mo. 128, 131. A statement in a justice court is sufficient, if it advises the opposite party of the nature of the claim, and is sufficiently specific to be a bar to another action. *Razor v. Railroad*, 73 Mo. 473; *Key v. Railroad*, 73 Mo. 475. (3) The proof of service of the notice was competent and sufficient. The constable was authorized to serve the first notice. R. S. 1879, p. 606, secs. 2380, 3505 and 3508. (4) The charter of the North Missouri railroad may be altered, suspended or repealed in the discretion of the legislature. G. S. 1845, p. 232, sec. 7; *Railroad v. Hughes*, 22 Mo. 304;

*Benshaw v. Railroad*, 18 Mo. 210 ; *Peters v. Railroad*, 23 Mo. 107. Public corporations are subject to the absolute power of the legislature. 3 Story on Constitution, 258 ; 9 Cranch, 52 ; 4 Wheaton, 518 ; 1 Tucker's Comm. 161. This corporation is subject to the police power of the state, and the provisions of its charter cannot exempt it from regulations made in the exercise of that power. *Cummings v. Spannhorst*, 5 Mo. App. 32 ; *Grannahan v. Railroad*, 30 Mo. 548 ; *Price v. Ins. Co.*, 3 Mo. App. 262, 267, and cases cited ; *State v. Mathews*, 44 Mo. 523 ; *Luther v. Saylor*, 8 Mo. App. 429 ; *Thorpe v. Railroad*, 27 Vt. 40 ; Cooley's Const. Lim. [ 5 Ed.] 575. The police power itself, nor the discretion to exercise it over corporations as need may require, cannot be bargained away by the state. Cooley's Const. Lim. [ 5 Ed.] 574, and cases there cited.

ROMBAUER, P. J.—This action was instituted before a justice of the peace to recover double the amount expended by the road overseer in repairing two public road crossings across the defendant's railroad, under the provisions of the act approved March 27, 1885. The parts of said act which are pertinent to the present inquiry, are as follows :

" Every such corporation shall construct and maintain good and sufficient crossings where its railroad crosses public roads, * * * which crossings shall be constructed of the materials and in the manner following ( describing the manner and material of construction in detail ). If such corporation fail to construct or maintain said crossing, * * * then the overseers · * * * of said roads shall notify such corporation of the necessity of the construction and erection thereof, which notice shall be in writing and shall be served by delivering a copy of the same to the agent of the company most convenient to the crossing. Upon the service of such notice, if such corporation fail to construct said crossing or put up said boards within thirty days from the service of said notice, the parties having charge of

said roads may proceed to construct said crossing as herein provided, and shall be entitled to recover double the amount expended, together with all costs, in the name of the road district, county, municipal corporation, or other competent authority, at whose expense the said crossings were constructed, in any court of competent jurisdiction, from such corporation refusing or neglecting to construct or erect the same.''

The plaintiff, who is road overseer, claiming that the defendant was subject to this statute, and that he had given to it the notice therein provided for, repaired two of these road crossings in his district, and thereupon brought the present action, and recovered therein double the amount expended. The defendant, appealing, claims that the statement and evidence were insufficient to warrant the recovery, and further claims that it is not subject, by the terms of its charter, to the provisions of the above statute.

The original statement filed by the plaintiff was adjudged insufficient by the circuit court, which sustained a motion in arrest of judgment. The plaintiff thereupon filed an amended statement, which is sufficient. When evidence was offered in support of this amended statement, the defendant objected because the amendment supplied necessary jurisdictional facts which had been omitted in the original statement, and claimed that this could not be done after the cause had been once tried, and a motion in arrest of judgment had been sustained. This claim is not tenable. Both the supreme court and this court have decided that statements filed before justices of the peace may be amended in the circuit court on appeal, even by supplying jurisdictional defects, where the cause of action remains the same. *Mitchell v. Railroad*, 82 Mo. 106 ; *McKinney v. Farrel*, 31 Mo. App. 41 ; *Vaughn v. Railroad*, 17 Mo. App. 4. We are not prepared to say, however, that even the original statement filed was *jurisdictionally* defective.

The plaintiff offered in evidence the following written notice with the constable's return thereon :

"STATE OF MISSOURI, } ss.
" County of St. Charles. }

" *To the Wabash Western Railway Company*

"Take notice that you are required and hereby notified to construct and maintain good and sufficient crossings on and across your right of way, where same is crossed by the public roads of St. Charles county in road district, number particularly designated follows, to-wit: 'Between depot and railroad bridge at St. Peters west of bridge aforesaid, the one just west of and adjoining depot at St. Peters, about a quarter of a mile west of St. Peters, where track is above public road and piling beneath, the one mile and a quarter east of O'Fallon station, the approaches of first two, and especially the first, is entirely too steep, the third, the one west a quarter from St. Peters, is obstructed by piling, which you place far enough apart for self-binding machines to pass through, otherwise the obstruction must be removed entirely, and you are here notified to do so ; the two approaches at St. Peters you will grade and fill up so that loads can be hauled over same ; and all said crossings therein named you maintain and construct within sixty days from receipt and service of this, as per section 807, volume 1, Revised Statutes of Missouri, otherwise I shall proceed to make and construct same as per said section 807 and the authority to me therein vested.

"L. T. HENRY,
"Overseer, Road District Number 12, St. Charles county, Missouri.

" Served the within notice on L. Schoenberg, station agent of the Wabash Western Railway Company at St. Peters, most convenient to within crossings, by leaving a true copy with him.    May 21, 1888.

" WM. FETCH,
" Constable Dardenne township."

It was admitted by the defendant that road district number 12 was in St. Charles county. It was also admitted that the constable, if present, would testify to the facts shown by his return. The objection made to the notice was that it was insufficient, and that its service was insufficient. The objections were overruled and properly so. All that the statute requires is, that the overseer should notify the corporation in writing of the necessity of the construction of the road crossing by giving a copy of the notice to the agent of the company most convenient to the crossing. That this was done in this instance is shown by the notice and by the return, which for the purposes of this cause is admitted to be true. As the statute does not prescribe who shall deliver the notice, an actual delivery by anyone was sufficient, because the material inquiry is not who delivered the notice, but whether it was delivered. That the notice required the company to act within sixty instead of thirty days, is immaterial since no claim is made that the road overseer proceeded to repair the crossings until after the expiration of sixty days.

That the statute is penal, and a strict compliance with its provisions is essential in order to exact the penalty, we concede; but how the defendant could have had better service of the notice than it did receive, is not apparent. The notice was delivered to the agent in person, to whom, under the terms of the statute, it was to be delivered, so that, if the office of a notice is to notify the defendant, he was certainly notified. In *State ex rel. v. St. Louis*, 67 Mo. 113, the city marshal's return was held insufficient, because it stated a conclusion of law and not facts. The fact of personal service which is here shown was there unproved. As to the sufficiency of the contents of the notice it states that " you are required and hereby notified to construct and maintain good and sufficient crossings on and across your right of way where the same is crossed by public roads of St. Charles county particularly designated as follows," naming points, and

again, "all said crossings named herein you maintain
and construct within sixty days from receipt and service
of this, as per section 807, volume 1, Revised Statutes of
Missouri." All that the statute requires on that subject
is that, "if the corporation fail to construct or maintain
said crossings, then the overseer shall notify such cor-
poration of the necessity of the construction and erection
thereof." If the notice in this case entered into unnec-
essary details, it was not void on that account, because
those matters were mere surplusage. We see no war-
rant in law for the claim advanced, that the notice must
in each instance not only refer to the statute, but set
out all its details, with which the defendant is presumed
to be familiar.

The claim is made that there was no evidence that
these road crossings were on public roads. The plain-
tiff's witnesses stated that they were on public roads,
which testimony went in without objection. In *Badean
v. Cape Girardeau*, 71 Mo. 392, the city was sued for
permitting one of its streets to be obstructed to plaintiff's
special damage. The city, it would seem, defended on
the ground, that the plaintiff might have conveniently
used another street, and endeavored to show the estab-
lishment of such *other street* by parol. The court in
passing on this question said that no error was com-
mitted by the court in ruling out the evidence inas-
much as, if evidence was admissible at all to show
the fact of the establishment of the street, it could only
have been shown by the record. In view of the fact,
that the establishment of the highway which was
obstructed had also been shown by user, this incidental
remark by the court is somewhat obscure. It is a
matter of daily practice in all our courts to prove the
existence of streets and highways by parol, where no
objection is made to that kind of proof. What kind of
proof is required, where an objection to parol evidence
is made, is a question which is not presented for decis-
ion upon this record.

It is further claimed that the court should not have permitted the witnesses to testify, against the defendant's objection, that the work done by the overseer was necessary, in order to put these crossings in repair. A schedule of the work and material used was filed with the statement. The overseer testified that the railroad company neglected and refused to construct these crossings, and paid no attention to the notices given ; that he proceeded to repair and construct the crossings, and expended $68.50. This was the amount mentioned in the detailed schedule filed. We think this, and the evidence of another witness who stated that the crossings were in bad condition for years, made a *prima facie* case as to the propriety of the expenditure, and, in the absence of any evidence challenging its necessity, was sufficient to warrant a recovery. If we are right in this conclusion, then the admission of further evidence that this expenditure was necessary in making the proper construction and to put the crossings in good repair, even if error, was harmless. The reasonable value of work is always matter of opinion.

This brings us to the defendant's main contention, namely, that the defendant is not subject to the provisions of the law of 1885, because the charter of the North Missouri Railroad Company, under which the defendant claims to operate its road, subjects it to a different police regulation in regard to crossing highways. The defendant upon the trial offered documentary evidence tending to establish the fact, that it is the successor of the North Missouri Railroad Company, and is by purchase the holder of all its charter rights. For the purposes of this case we concede that the evidence thus offered was legally sufficient to establish the fact contended for. That such was the effect of these conveyances, when the road was owned by the St. Louis, Kansas City and Northern Railway Company, one of the defendant's predecessors in the chain of title, was adjudged both by the supreme court and this court.

*Daniels v. Railroad,* 62 Mo. 43; *State ex rel. v. Railroad,* 3 Mo. App. 180, 193. The defendant's claim of exemption from the provisions of the act of 1885, in this case, is not placed upon the ground that the first corporation had an irrepealable charter, nor on the ground that the act of 1885 is not strictly in the nature of a police regulation to which the defendant could be subjected, regardless of the character of its charter, but is put distinctly upon the ground that the police regulation contained in its charter, and the police regulation established by the act of 1885, are inconsistent with each other and cannot stand together.

In *Daniels v. Railroad, supra,* the point in judgment was, whether this company was subject to the provisions of the general fencing laws affecting railroads and subjecting them to double damages for the killing of stock. The charter of the road contained a detailed provision as to its duties of fencing, subjecting it to definitely specified damages in each case of injury. Judge NAPTON, in delivering the opinion of the court, held that this corporation was not subject to the penalties of the railroad fencing law, because the statute then in force ( now section 2665 of the Revised Statutes of 1889 ) provided that: "All existing railroad corporations within this state, and such as may be hereafter chartered or formed, shall respectively have and possess all the powers and privileges contained in this article, and they shall be subject to all the duties, liabilities and provisions *not inconsistent with the provisions of their charter herein contained.*" That decision was distinctly put upon the ground, that the provisions of the charter and the general law on the subject of fencing and adjustment of damages were wholly inconsistent, and, therefore, the provisions of the charter, under the terms of the statute, must prevail. A similar conclusion would necessarily lead to the same result in this case.

The provision of the charter, relied on as inconsistent with the mandates of the act of 1885, is the following ( Acts, 1851, p. 486 ): " Said company may build said road along or across any state or county road, * * * but, whenever said road shall cross any state or county road, said company *shall keep good and sufficient causeways or adequate facilities for crossing the same;* and said railroad shall not be so constructed as to prevent the public from using any road, street or highway along or across which it may pass."   This provision simply requires the company to build good and sufficient causeways, but in no way provides what shall be deemed a good and sufficient causeway, nor does it provide the manner, in which the public may enforce the company's duty to build such causeways, or to what penalties the road may be subjected for not building them. The act of 1885 supplements the special charter by supplying these details, but is not inconsistent with any of the provisions contained in the act of 1851.   There is nothing in the original charter provision, which would justify us in holding that the legislature intended that the company should be the judge of what constitutes a good and sufficient causeway or crossing, or that it should be subject to no penalties for failing to construct or maintain them.   On the other hand, section 2659 of the Revised Statutes, 1889, which is part of the article concerning railroad companies, provides : " This article is not intended to repeal any law now in force, unless in direct conflict therewith, but is intended *to be supplemental* to such laws."   We must, therefore, conclude that the act of 1885 is a mere supplement of the charter provision, being neither in direct conflict nor inconsistent therewith.

We have gone over all the points made by the defendant owing to the earnestness and zeal with which they are pressed upon our attention, but find no error in the record demanding a reversal of the judgment.

All the judges concurring, the judgment is affirmed.