J. W. TAYLOR, by Next Friend, Respondent, v. CITY OF SPRINGFIELD, Appellant.

St. Louis Court of Appeals, February 26, 1895.

1. Practice, Trial: GENERAL VERDICT. When the several counts of a petition state but one cause of action, a general verdict for the plaintiff is not erroneous.

2. Streets, Evidence of. The existence of a street may be shown by oral evidence, when no objection is made thereto.

3. Municipal Corporations: DEFECTIVE SIDEWALK: CONTRIBUTORY NEGLIGENCE. The plaintiff was aware of the faulty construction and decayed condition of the sidewalk on one side of a public street, and knew also that the sidewalk on the other side of the street was in good repair, yet walked along the former at night and was injured in consequence of its condition. *Held*, that these facts did not establish contributory negligence on his part as a matter of law.

4. Instructions: MEASURE OF DAMAGES: NON-DIRECTION. The failure of the trial court to instruct the jury that, in assessing the damages of the plaintiff, they should not take into consideration any aggravation of such damages which was caused by the neglect of the plaintiff to give timely attention to his injuries, amounts only to non-direction, when no such instruction is requested.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

AFFIRMED.

A. B. Lovan and Charles J. Wright for appellant.

A. F. Butts, E. C. McAfee and C. B. McAfee for respondent.

ROMBAUER, P. J.—The plaintiff recovered a verdict and judgment for $1,000 on account of injuries,

received by a fall in consequence of a defective sidewalk in the city of Springfield. The petition contains two counts. The one charges that the defective construction of the sidewalk was the cause of the mishap; the other charges that the accident was due to the sidewalk being out of repair. The answer is a general denial, and a plea of contributory negligence. The jury made a general finding. The defendant moved in arrest of judgment, claiming that the failure of the jury to find on each count separately was error. This motion the court overruled, and the defendant excepted and still excepts. The defendant also complains on this appeal that the evidence is insufficient to support the verdict, that the court erred in giving and refusing instructions, and that the verdict is excessive.

The first complaint is untenable. The plaintiff had but one cause of action and could have but one recovery. He might have included with propriety in one count all that the petition contains, and, had he done so, the defendant would not have been entitled, as of right, to have the jury find separately on each issue. A general finding in such cases is not erroneous. *Brownell v. Railroad*, 47 Mo. 239; *Lancaster v. Insurance Company*, 92 Mo. 460.

The plaintiff's evidence tended to show the following facts. The sidewalk in question consisted of two parallel planks, which were about twelve inches apart and from eight to twelve inches above the natural surface of the ground. The intermediate space between the planks was not filled to their surface, although the ordinances of the city required this to be done. The end of one of the planks was decayed and broken, leaving an open space from eight to twelve inches deep, and large enough for anyone to step into. The sidewalk had been in that condition for months before the accident, although the ordinances of the city required that the street com-

missioner should inspect sidewalks once a month, and report their condition to the street committee. There is no pretense that this was done, and all the evidence concedes that the city was guilty of negligence in disregarding its own ordinances. The plaintiff, while walking at night on this sidewalk, stepped into the hole where the plank was decayed and broken, fell and dislocated his ankle, causing him painful and serious injuries, which, as the weight of evidence tended to show, were of a permanent nature.

The plaintiff's evidence also tended to show the following facts bearing on the question of contributory negligence. He passed over the sidewalk frequently, and was aware of its faulty construction and decayed condition. There was a good sidewalk on the other side of the street, which the plaintiff could have used. The plaintiff went to work at his trade, which was that of a boiler riveter, shortly after the accident, and the use of his foot while working materially increased his ailment. He did not undergo systematic surgical treatment for more than six months after the accident happened, and then it was discovered that the intermediate use of his foot had materially aggravated the injury, and had probably made that a permanent injury, which would not have been such if immediately attended to in a proper manner.

The defendant's complaint, that there was no evidence tending to show that the place where the accident occurred was a public street, is not well founded. The witnesses both for plaintiff and defendant speak of the *locus in quo* as a sidewalk on Dale street. The ordinances for levying special tax bills for the construction of this sidewalk were introduced both by the plaintiff and the defendant. All this testimony went in without objection. This evidence, being uncontroverted, was sufficient to show that the place was on a public street.

The existence of streets, where the evidence is unobjected to, may always be shown by oral evidence. *Henry v. Railroad*, 44 Mo. App. 100–107.

The fact that the sidewalk on the other side of the street was in good repair, and that the plaintiff knew this fact, as also the fact that the sidewalk which he used was in bad repair, and that he used it knowing such fact, bore on the question of plaintiff's contributory negligence, but did not debar plaintiff's right of recovery, as a matter of law. *Flynn v. City of Neosho*, 114 Mo. 567–572, and cases cited.

This brings us to the instructions. The court refused all the instructions asked by the defendant, which were ten in number. According to some decisions in this state the court might have refused these instructions on account of their number alone; moreover, a careful examination has satisfied us that every element of defensive hypothetical fact, which they submit in proper terms to the jury, is submitted by the charge of the court which is hereinafter set out. One of plaintiff's instructions told the jury that, in arriving at a conclusion as to whether or not plaintiff is entitled *to any damages*, they should take into consideration any evidence that tends to prove that, if plaintiff had received the attention of a physician immediately after the injury, he would have recovered in a short time. This instruction was clearly incorrect, as plaintiff's neglect in attending to his injuries bore only on the *extent* of his recovery, and not on his *right* of recovery.

The court, of its own motion, charged the jury as follows: "There are two counts in plaintiff's petition. The first count seeks a recovery for an alleged defective construction of a sidewalk on the north side of Dale street, and predicates a right of recovery for the alleged reason that the space between the planks of said walk were not filled in to the level.

"Now, the city has a right, by its council, to order the laying of any class of walk it desires along any particular street, and there can be no negligence if the construction thereof is according to the plan adopted by the council.

"Neither will a failure to construct according to the plan adopted give a right to recovery to one injured thereon, unless the manner in which it was constructed rendered it dangerous and unsafe to persons traveling thereon.

"If, however, you find from the evidence that Dale street was a public street of said city of Springfield, and the defendant constructed a sidewalk thereon, and that the same was not constructed according to the plans adopted by the city council in failing to fill the same in between the boards to the level thereof; and if you find that such construction thereof rendered the same dangerous and unsafe to travel thereon, and the plaintiff, without negligence on his part, was injured while walking thereon by reason of faulty construction of said walk; then you will find for plaintiff on the first count of plaintiff's petition, and assess his damages at such a sum as, in your judgment, will recompense him for his bodily injury, loss of time, and medical attention, not to exceed the sum of $10,000.

"The second count in the petition seeks a recovery for the alleged negligence of the city in allowing said sidewalk to become and remain out of repair, that is to say, that a piece of one of the planks of said walk had become split off, and the claim is that it was thereby rendered unsafe and dangerous to travel thereon.

"Now, if you find from the evidence that Dale is a public street of said city, and that the sidewalk on the north side thereof had a piece split off of one of the planks of said walk, and that the defendant knew there-

of, or, by the exercise of reasonable care on its part might have known thereof, and that such condition rendered said walk dangerous and unsafe to travel thereon, and that plaintiff, while exercising due care and while walking thereon was injured by reason of such condition of said walk, and without fault or negligence on his part, then you should find the issues for plaintiff on the second count and assess his damages at such a sum as will recompense him from the bodily injury sustained, loss of time and medical attention, not to exceed ten thousand dollars.

"The defense pleaded is a denial of the facts relied on by plaintiff, and the further plea of contributory negligence on the part of the plaintiff.

"It is necessary that plaintiff prove the facts necessary to a recovery by a preponderance of greater weight of testimony.

"The city is not the insurer of persons traveling along its walks. All that is required of it is to keep walks in a reasonably safe condition, considering the amount of travel on any particular street. And it is for you to say from all the facts and circumstances in this case whether it failed to construct and maintain the particular walk in question at the particular place mentioned in such reasonably safe condition, or whether the same was out of repair and dangerous to travel thereon.

"It devolved on plaintiff to exercise ordinary and reasonable care himself in passing along said street; and, if he failed to do so and his own negligence contributed to his alleged injury, then that would defeat a recovery by him. And it is for you to determine from all the evidence in the case (that his previous knowledge of the walk included) whether he was exercising reasonable care or was negligent.

"You are the sole judges of the credibility of the

witnesses and of the weight to be given their testimony; and, in passing on the weight to be given the testimony of any witness, you will take into consideration his or her interest in the result of the trial, relationship to the parties, demeanor on the stand, and any and all other facts in evidence which, in your judgment, would throw light on their credibility.

"You are to determine the issues from the evidence, and from no other source.

"The defense of contributory negligence, must, in order to avail, be established by defendant by a preponderance or greater weight of evidence from all the evidence in the case.

"Negligence is a failure to exercise such care as a person of ordinary prudence would exercise under the circumstances."

The charge, under the pleadings and evidence, was a very fair charge. It failed to submit to the jury the hypothesis, that, if plaintiff's own negligence in not giving timely attention to his injuries aggravated them, he could not recover for the *excess* of the injuries thus caused. This, however, was mere non-direction, which is never error. The defendant was at liberty to ask an instruction on that subject, and, had is done so, and had its instruction been properly framed, the refusal of it would have been error. As the instruction which the defendant asked on that subject was, as above seen, erroneous, the defendant has no ground of complaint on that score.

All the judges concurring, the judgment is affirmed.