SUSAN J. BOYD, Respondent, v. THE CITY OF SPRING-
FIELD, Appellant.

St. Louis Court of Appeals, May 7, 1895.

1. **Evidence**: PROOF OF EXISTENCE OF PUBLIC STREET.   The existence
of a public street may be established, in action against a city for an
injury thereon, by proof that the street was in the actual possession of
the city, and open to, and used by, the public as a thoroughfare.

2. **Highways**: CONTRIBUTORY NEGLIGENCE OF TRAVELER THEREON:
CONCLUSIVENESS OF EVIDENCE.   The evidence in this cause is consid-
ered, and held to conclusively establish contributory negligence on
the part of the plaintiff in traveling over a public alley which was
known by her to contain an excavation.

*Appeal from the Greene Circuit Court.*—HON. W. G. ROBERTSON, Special Judge.

REVERSED.

. *A. B. Lovan, Chas. J. Wright* and *A. H. Wear* for appellant.

*O. T. Hamlin* and *E. P. Miller* for respondent.

BOND, J.—Plaintiff recovered a verdict for $200 for personal injuries, sustained by falling into a sewer excavation while he was crossing an alley in the city of Springfield. The defendant appeals, and first assigns for error that oral evidence is incompetent to prove the existence of a street or alley. This was not so held in the case cited in support of this position. *Henry v. Railroad*, 44 Mo. App. 100. On the contrary the language of that case on this point was, to wit: "What kind of proof is required, where an objection to parol evidence is made, is a question which is not presented for decision upon this record." On this subject the rule is: "To establish the character of the locality, where the injury occurred, as part of a public street, nothing more was essential than to show that it was in actual possession of the city and open to, and used by, the public as a thoroughfare at the time. This, plaintiff did. It was not necessary to prove any formal dedication or appropriation of the street." *Maus v. The City of Springfield*, 101 Mo. 613. In the present case there was evidence tending to show that the alley where the injury occurred was a thoroughfare open to, and used by, the public, and in possession of the city. This was shown by the testimony of plaintiff and her witnesses, especially Coombs, the street commissioner, who stated that the alley in question had existed ten years, and

had always been used and recognized as a public thoroughfare. There is, therefore, no merit in the first assignment of error.

On the theory that the sewer work was done by the authority of the city, there could be no recovery in this action, as there is no evidence in the record that the city was negligent in the prosecution of this improvement. Nor could there be any recovery under the facts in this record, whether or not the city caused the excavations to be made in the alley, since plaintiff's testimony shows contributory negligence on her part. It appears from her evidence that she knew of the existence of the excavation for sewer construction in the alley; that danger or signal lights were placed along the work at a distance from each other of seventy feet; that she could have avoided crossing the alley by going from her home to the hotel over a street; that, to make a short cut to the rear of the hotel, she preferred to cross the alley, whereon she knew there was a dangerous excavation; that there was no public entries to the hotel opening on this alley, but merely a gate in the back lot fronting thereon. In crossing the alley, under these circumstances, plaintiff did not exercise that degree of care which a prudent person would have observed under similar surroundings. For injuries caused solely by her contributory negligence she can not recover. Accordingly, the judgment in this case will be reversed. All concur.