J. D. PIERSON, Respondent, v. CITY OF LEBANON, Appellant.

$\frac{69}{90} \frac{321}{22}$

St. Louis Court of Appeals, February 23, 1897.

1. **Municipal Corporations:** PUBLIC STREET, SUFFICIENCY OF EVI- DENCE TO SHOW. The platting of a street, as such, on the plat of a city, and its use by the public, are sufficient to show that it is a public street of the city.

2. ———: CONTRIBUTORY NEGLIGENCE: JURY QUESTION. Where the real question in a case was not whether there was strong evidence tending to show contributory negligence on the part of plaintiff, but whether from the whole evidence a doubt would arise in the minds of sensible men as to the exercise by plaintiff of that care which a prudent per- son would exercise under similar circumstances, it was a question for the jury.

VOL. 69 app—21

*Appeal from the Laclede Circuit Court.*—Hon. C. C.
BLAND, Judge.

AFFIRMED; Judge BIGGS concurring, Judge BLAND
not sitting.

*Nixon, Wallace & Bonor* for appellant.

The street, although on the plat, was not opened
nor used as a street, and negligence can not be pred-
icated on the injury to defendant under the facts of this
case. *Schweihardt v. St. Louis*, 2 Mo. App. 571; *Craig
v. Sedalia*, 63 Mo. 417.

Plaintiff was not bound to keep the street in repair.
It was not necessary for the convenience and use of the
public. It was not used by the public. *Craig v.
Sedalia, supra; Brown v. Glasgow*, 57 Mo. 157. *Bassett
v. St. Joseph*, 53 *Id.* 290; *Roe v. City of Kansas*, 100
*Id.* 190; *Walker v. City of Kansas*, 99 *Id.* 652.

Any negligence, however slight, bars plaintiff's
recovery. *Dowling v. Allen & Co.*, 88 Mo. 299.

Plaintiff knew all the defects of the crossing, and
its dangers, and assumed the risk. *Madison v. R'y*, 60
Mo. App. 605; *Horton v. Ipswich*, 12 Cush. 484; *Wilson
v. Charlestown*, 8 Allen, 138; *Farnum v. Concord*, 2 N.
H. 349; *Falsom v. Underhill*, 36 Vt. 580; *Belton v.
Baxter*, 54 N. Y. 245; *Bunker v. Covington*, 69 Ind. 33;
*Schoefler v. Sandusky*, 33 Ohio St. 246; *Corbett v. Leav-
enworth*, 27 Kan. 673.

The demurrer to the evidence should have been
sustained. *Sindberger v. City of Kansas*, 126 Mo. 325;
*Butterfield v. Forrester*, 11 East, 60; *Cohen v. City of
Kansas*, 108 Mo. 393; *Gosport v. Evans*, 112 Ind. 133;
*Centralia v. Krouse*, 64 Ill. 19.

*Moore & Farris* for respondent.

Where the question is, as in this case, whether
plaintiff has been guilty of contributory negligence, it

is a question for the jury. *Lowery v. Sedalia*, 77 Mo. 431; *Smith v. St. Joseph*, 45 *Id.* 449; *Maus v. Springfield*, 101 *Id.* 613; *Petty v. R. R.*, 88 *Id.* 306. See, also, *Boland v. City of Kansas*, 32 Mo. App. 14.

Actual possession by the city, and use by the public, are sufficient to show that the place is a street, without proof of formal dedication. A city is bound to keep its streets in condition of reasonable safety. Failure to repair such defect, after notice and reasonable opportunity to do so, is evidence of negligence. *Maus v. Springfield, supra; Bassett v. St. Joseph*, 53 Mo. 290; *Walker v. City of Kansas*, 99 *Id.* 647.

BOND, J.—Plaintiff recovered a judgment against defendant for $1,000 for injuries sustained by being thrown out of a wagon while driving from one street to another. Defendant has appealed.

Two errors are assigned: *First*, that ˜defendant was not bound to keep the street in repair on account of its nonuser by the public. The two streets at whose intersection at right angles the accident happened, were shown on the plat of the defendant city. There was testimony also tending to show that they were used by the public prior to and at the time of the accident. This point will be ruled against appellant. *Boyd v. City of Springfield*, 62 Mo. App. 456.

PUBLIC street: sufficiency of evidence to show.

It is next insisted that plaintiff was guilty of such contributory negligence as to defeat his right to recover. On this point the law is well settled that the issue must be submitted to the jury in all cases where the court can not declare, as a matter of law, from the entire evidence that plaintiff's want of ordinary care was the proximate cause of the injury. If the evidence as a whole, or the legitimate inferences therefrom, would create a doubt in the mind

CONTRIBUTORY negligence: jury question.

of reasonable and sensible men as to the existence of contributory negligence, such doubt must be resolved by a jury. In examining the testimony to determine its legal effect we must also assume the truth of that given for plaintiff and accord to it every favorable inference "which may be reasonably and favorably drawn therefrom." *Cohen v. City of Kansas*, 108 Mo. *loc. cit.* 392: The record shows that at the south line of the crossing of Wood street and High street in the city of Lebanon, there was a ditch or gully about two feet wide and two feet deep; that Wood street was one of the principal streets of the town; that plaintiff had lived on High street about six months before the happening of the accident; that he had never driven his team across the ditch in question until the morning of the accident; that he was a plasterer by trade and had occasion to remove his implements and utensils from Wood street to his house on the day in question; that he took the first load and drove over the ditch by walking alongside of his wagon, which was drawn by two horses; that he observed some of his mortar boards had slipped out when the wagon went over the ditch; that on his return for the second load he filled his wagon mainly with emply lime barrels, using one barrel, which was almost filled with mortar and sand, for his seat; that when he reached the crossing his near wheel dropped into the ditch; that he jerked his horses "to make them ease down in the ditch;" that the off-horse jumped the ditch and jerked the barrel over him, so that he lost control of the lines and was thrown out of the wagon fracturing his leg so that the bone protruded through the flesh and pants. He further stated that the team was perfectly gentle; that he did not strike either of them before or when making the crossing; that his wagon was not provided with a brake, that inasmuch as his last load, except the barrel on which he

sat, was made up of empty lime barrels, he did not care if some of them were jostled out. The existence of the ditch for several years was well known to the city authorities, who had been requested by plaintiff to repair it a month or two before the accident. High street was the only street leading to plaintiff's residence from Wood street. It is insisted by defendant that plaintiff's knowledge of the crossing, his observation of its effect in the morning, his failure to have a brake on his wagon, and his failure to use a wagon seat, are circumstances *conclusively* showing contributory negligence on his part. We are not prepared to take that view. As to the first circumstance relied on—plaintiff's knowledge of the unsafe character of the crossing—the law is well settled that "such knowledge does not in and of itself constitute want of due care." *Cohen v. City of Kansas*, 108 Mo. 392. It is evidentiary, but not conclusive, of negligence. As to the second circumstance urged by appellant, it may be said that the only mishap which occurred when the wagon crossed the ditch in the morning, was the slipping out of a mortar board. That such a flat material should be jostled out of a wagon in crossing a ditch, is a matter of such frequent occurrence, that a careful driver would not conclude that he would be unable to retain his seat on that account. As to plaintiff's seat, this was a barrel which had been nearly filled with mortar. The testimony is that he placed enough sand on the unfilled space to make a seat on the top; that as thus filled, the weight of the barrel was so great that it could not be moved by a man's strength. Under such circumstances plaintiff might have assumed, not unreasonably, that his seat would be sufficiently stable to enable him to drive a gentle team, with due care, across the ditch in question.

As to the failure to have a brake on his wagon, it need only be said that this appliance is chiefly useful in retarding the descent of steep hills by heavily loaded wagons; it is not essential to the safe crossing of a ditch from eighteen inches to two feet wide and of a similar depth. That this may be done ordinarily without a brake, is a matter of common observation. Nor can it be insisted that plaintiff voluntarily chose a dangerous route when a safe one was at hand. The evidence is that he could only go from the populous street where he had been working to his home on High street, by making this crossing.

The real question in this case is not whether there was cogent evidence tending to show contributory negligence on the part of the plaintiff, but whether from all the evidence a difference of judgment in the minds of sensible men would arise as to the exercise by plaintiff of that care which a prudent person would have observed under similar surroundings. In our opinion. the facts and circumstances in this case do not exclude such a doubt as to the observance of ordinary care by plaintiff. Hence the trial court did not err in overruling defendant's demurrer to the evidence.

Appellant makes no complaint as to any other errors in his brief. The judgment will therefore be affirmed.

It is so ordered. Judge BIGGS concurs; Judge BLAND not sitting.